Robert T. BURKE, Plaintiff,

v.

DEPARTMENT OF JUSTICE and Federal Bureau of Investigation, Defendants.

Civ. A. No. 75–336–C3.

United States District Court, D. Kansas.

Sept. 22, 1976.

Robert T. Burke, pro se.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Ass't U. S. Atty., D. Kansas, Topeka, Kan., Leonard Schaitman, Mark H. Gallant, Jeffrey Axelrad, Richard E. Greenspan, Attys., Dept. of Justice, Gen. Litigation, Civ. Div., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The instant Freedom of Information Act litigation is now before the Court for determination of the defendants' motion to dismiss for lack of subject matter jurisdiction. The defendants argue that the only relief available to the plaintiff under 5 U.S.C. § 552(a)(4)(B) is an order directing the production of the records sought; that the defendants have agreed to furnish said records to the plaintiff upon his payment of the costs of reproduction; and that because no further controversy exists between the parties, the Court is ousted of subject matter jurisdiction and is obligated to dismiss the pending action. The plaintiff, on the other hand, claims that the action is not moot and that subject matter jurisdiction is not divested, because the Court has authority to award him the reasonable costs of the instant litigation including attorney's fees and the cost of reproducing the documents sought.

■ It does appear that the principal controversy here, *i.e.*, whether the defendants must produce the photographic material sought by the plaintiff, has been mooted by the defendants' decision to comply with the plaintiff's request. The Court finds that the defendants' voluntary compliance does not deprive the Court of jurisdiction over the subject matter of this action or bar further proceedings herein, yet it appears that the sole issue remaining for determination is whether the plaintiff should be entitled to recover the reasonable costs, if any, incurred in the prosecution of this action.

■ The plaintiff's contention that the Court has jurisdiction to award him the cost of reproducing the materials sought or to order the defendants to "defray" such costs is legally erroneous. Under 5 U.S.C. § 552(a)(4)(A), the defendant agencies are entitled to recover the "direct costs" of document search and duplication through the imposition of "reasonable standard charges" upon the person requesting such information. An agency may, in its discretion, waive or reduce that charge if it determines that "furnishing the information can be considered as primarily benefiting the general public." The Freedom of Information Act does not, however, empower a federal court to control the exercise of administrative discretion by directing an agency to waive or reduce the fees authorized by statute in a particular case; nor does it make any allowance for awarding the cost of reproduction to a prevailing plaintiff in an action brought under 5 U.S.C. § 552.

■ Section 552(a)(4)(E) does provide that where a complainant has "substantially prevailed" in a Freedom of Information Act lawsuit, the Court may assess against the United States "reasonable attorney fees and other litigation costs reasonably incurred" by the plaintiff. The plaintiff here was clearly authorized to institute this action by the express language of 5 U.S.C. § 552(a)(6)(C), in spite of the fact that the defendants had not completed administrative review of his request for prosecution and inspection of records. The Court finds that the plaintiff has "substantially prevailed" in this action; that he is entitled to an opportunity to persuade the Court that he should be allowed reimbursement for any actual, reasonable costs of litigation under § 552(a)(4)(E); and that dismissal of the action at this time would therefore be premature.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss is hereby overruled; that the plaintiff be allowed 15 days from receipt of a copy of this Memorandum and Order in which to submit an itemized accounting of the expenses, if any, with reference to which he claims a right of reimbursement under 5 U.S.C. § 552(a)(4)(A); that the file in this case be returned to the undersigned judge at the end of said fifteen-day period for such further action as may be appropriate; and that the Clerk transmit copies of this Memorandum and Order to the plaintiff and to the Office of the United States Attorney for the District of Kansas.

SUPPLEMENTAL OPINION

On September 10, 1976, this court granted the plaintiff in the instant Freedom of Information Act lawsuit 15 days in which to file an itemized accounting of costs to which he claims the right of reimbursement under 5 U.S.C. § 552(a)(4)(E). The plaintiff, who appeared *pro se* and was allowed to proceed *in forma pauperis* and who is not an attorney, has now submitted a claim for $300 in "attorney fees" as compensation for the time and effort which he expended in connection with this action. In the alternative, he has agreed to "waive" his right to attorney fees if the defendants agree to waive the costs of reproducing the material which is the subject matter of this action and furnish the same to him free of charge. The only other expenses mentioned by the plaintiff's claim are court costs and the costs of service of process.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." While 5 U.S.C. § 552(a)(4)(E) does expressly authorize the assessment of "attorney fees . . . reasonably incurred" in actions of this nature, however, the court has no hesitation in concluding that this statute does not envision the assessment against the United States of arbitrary hourly rates of compensation for the "time and efforts" of *pro se* litigants. The plaintiff's claim for assessment of $300 in "attorney fees" must therefore be denied.

The court does find that the costs, if any, authorized to be imposed by 28 U.S.C. §§ 1920 and 1921, should be and hereby are assessed against the defendant herein. The court further finds that all issues in this lawsuit having been determined, the instant action must be dismissed.

IT IS SO ORDERED.