Vincent RIZZO, Plaintiff,

v.

Harold R. TYLER, Jr., Deputy Attorney General, Richard M. Rogers, Deputy Chief, Freedom of Information Appeals Unit, John C. Keeney, Acting Assistant Attorney General, Defendants.

No. 76 Civ. 2824.

United States District Court,
S. D. New York.

Oct. 19, 1977.

As Amended Nov. 29, 1977.

Vincent Rizzo, pro se.

Gary G. Cooper, Asst. U.S. Atty., S.D. N.Y., New York City, for defendants.

GAGLIARDI, District Judge.

▆▆▆ Plaintiff Vincent Rizzo, presently an inmate at the federal penitentiary in Lewisburg, Pennsylvania, brings this action *pro se* seeking an order pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (Supp. V 1975), directing defendants, members of the Department of Justice ("Department"), to locate and produce without charge all material in their files relating to him. Named as defendants

**897**

are Harold R. Tyler, Jr., Deputy Attorney General of the United States, Richard M. Rogers, Deputy Chief of the Freedom of Information Appeals Unit of the Department of Justice, and John C. Keeney, Acting Assistant Attorney General. Plaintiff claims that defendants have unlawfully refused to waive standard FOIA search costs in connection with his application for documents. Pursuant to Rule 12(b)(6), Fed.R. Civ.P., defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. For the reasons set forth below, defendants' motion is granted.[1]

Plaintiff's quest for this material began on March 10, 1975 when he wrote to the Department's Freedom of Information Request Unit and asked for all copies of all documents in the Department's files germane to any criminal investigation involving him. Defendant Keeney responded that a preliminary review of plaintiff's request indicated that the cost of searching for the specified documents would exceed $2500. Accordingly, pursuant to 28 C.F.R. §§ 16.9(c)[2] and (e)[3] (1976), plaintiff was

---

1. Since the filing of defendants' motion, plaintiff has made two separate motions. First, plaintiff has moved to strike defendants' motion as untimely served and for judgment on the pleadings. The complaint was served upon defendants on July 14, 1976. On August 13, defendants mailed a copy of their notice of motion and memorandum of law in support thereof to the plaintiff at the address specified on the last page of the complaint. The papers were subsequently returned, indicating that plaintiff was not at that address. On August 30, 1976, the papers were forwarded to plaintiff at the federal penitentiary in Atlanta, Georgia. The FOIA requires defendants to "serve and answer or otherwise plead to any complaint made under [the FOIA] within thirty days after service upon the defendant of the . . . complaint . . . , unless the court otherwise directs for good cause shown." Defendant's mailing of the papers to plaintiff on August 13 to the address noted on his complaint was timely. Plaintiff received the papers shortly thereafter; he has not been prejudiced by the delay. The motion to strike the complaint and for judgment on the pleadings is denied.

Second, plaintiff has moved for the immediate correction or expungement of certain of his criminal records allegedly in the control of defendants. This motion is clearly not cognizable

in this action pursuant to 5 U.S.C. § 552 (Supp. V 1975). Accordingly, this motion is denied.

2. 28 C.F.R. § 16.9(c) (1976) provides:

*Notice of anticipated fees in excess of $25.* Where it is anticipated that the fees chargeable under this section will amount to more than $25, and the requester has not indicated in advance his willingness to pay fees as high as are anticipated, the requester shall be notified of the amount of the anticipated fee or such portion thereof as can readily be estimated. In such cases, a request will not be deemed to have been received until the requester is notified of the anticipated cost and agrees to bear it. Such a notification shall be transmitted as soon as possible, but in any event within five working days, giving the best estimate then available. The notification shall offer the requester the opportunity to confer with Department personnel with the object of reformulating the request so as to meet his needs at lower cost.

3. 28 C.F.R. § 16.9(e) (1976) provides in pertinent part:

*Advance deposit.* (1) Where the anticipated fee chargeable under this section exceeds $25, an advance deposit of 25% of the anticipated fee or $25, whichever is greater, may be required.

asked to make an advance deposit of $625 and to agree to bear the full cost prior to the institution of the search. Notifying Mr. Keeney that he was indigent and could not pay the required amount, plaintiff then requested a waiver of the fee. Mr. Keeney responded that fees may be waived only when they are minimal or when the public interest suggested a discretionary waiver; plaintiff's request for a waiver was denied. Plaintiff appealed this determination to the Department's Freedom of Information Appeals Unit. On January 30, 1976, Deputy Attorney General Tyler affirmed the action below, stating that a finding that plaintiff was indigent would not of itself support a conclusion to waive the fee. Although indigency was one factor to be considered, other factors, including the plaintiff's particularized need and the use to which the documents would be put, were also relevant. On the basis of the information furnished by the plaintiff and otherwise available to him, the Deputy Attorney General concluded that a waiver of search fees would not benefit the general public. Plaintiff was informed of his right to present additional relevant evidence on the issues of the existence of the records sought and the public benefit that would result from waiver of the fee. The Deputy Attorney General also informed plaintiff of his right to judicial review.

■ Plaintiff properly alleges that this court's jurisdiction lies under 5 U.S.C. § 552 (Supp. V 1975). Section 552(a)(4)(B) empowers a district court "to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from [a] complainant." Although the Department never reviewed plaintiff's request on the merits[4] in order to determine whether the material he sought was exempt from the FOIA's disclosure requirements, see id. § 552(b), an attempt to condition disclosure upon the payment of fees improperly imposed is the sort of improper withholding that this court

may enjoin. See Diapulse Corp. of America v. FDA, 500 F.2d 75, 78 (2d Cir. 1974).

■ The 1974 Amendments to the FOIA, Publ.L. 93–502, 88 Stat. 1561, codified at 5 U.S.C. § 552 (Supp. V 1975) clearly permit the Department to promulgate regulations which assess reasonable standard fees equal to the cost of document search and duplication, 5 U.S.C. § 552(a)(4)(A) (Supp. V 1975). However, they further provide that "[d]ocuments shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public." Id. As the Senate Conference Report makes clear, the quoted passage was intended to establish a "discretionary-public-interest waiver authority." S.Conf.Rep.No.1200, reprinted in [1974] U.S.Code Cong. & Admin. News, p. 6287. Pursuant to this statutory authority, the Department has promulgated 28 C.F.R. § 16.9(a) (1976) which states in pertinent part:

> Fees pursuant to . . . [the FOIA] shall be charged . . . for services rendered in responding to requests for Justice Department records . . . unless the official of the Department making the initial or appeal decision determines that such charges, or a portion thereof, are not in the public interest because furnishing the information primarily benefits the general public. Such a determination shall ordinarily not be made unless the service to be performed will be of benefit primarily to the public as opposed to the requester, or unless the requester is an indigent individual.

Mindful of its obligations to the pro se litigant, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Merckens v. DuPont, Glore Forgan & Co., 514 F.2d 20, 20 (2d Cir. 1975), this court reads the complaint liberally to allege that defendants erred in applying these "public

---

4. In accordance with 28 C.F.R. § 16.9(c) (1976) quoted in note 2, supra, the Acting Assistant Attorney General advised plaintiff that his request would not be deemed to have been received until he sent the $625 deposit and agreed to bear the remainder of the cost.

benefit" standards of 5 U.S.C. § 552(a)(4)(A) (Supp. V 1975) and 28 C.F.R. § 16.9 (1976).

■ The initial step in determining whether the complaint can withstand defendants' motion to dismiss is to ascertain the standard of review which must be employed. Defendants contend that both the plain meaning of 5 U.S.C. § 552(a)(4)(A) ("documents shall be furnished without charge . . . *where the agency determines* that waiver . . . is in the public interest") (emphasis added) and its legislative history as reflected in the Senate Conference Report, *see supra* (*"discretionary* public-interest waiver authority") (emphasis added) limit this court's inquiry to whether the Department abused its discretion in denying plaintiff's request for a waiver.

■ Defendants' argument ignores 5 U.S.C. § 552(a)(4)(B) (Supp. V 1975), this court's jurisdictional basis for deciding FOIA cases, which reads: "In such a case the court shall determine the matter de novo . . ." In *Diapulse Corp. of America v. FDA, supra,* at 78, in holding that the Food and Drug Administration had improperly imposed a fee not specifically authorized by its regulations, the Court of Appeals for the Second Circuit stated that "review in the district courts under 5 U.S.C. § [552(a)(4)(B), Supp. V 1975)] is de novo." [5] This provision of the FOIA, which predates the 1974 Amendments, Pub.L. 90–23, 81 Stat. 55 (1967), reflects Congress's intent to provide greater judicial scrutiny over an agency's FOIA determinations than over other agency rulings.[6] Consequently, the

validity of plaintiff's claim must be adjudged de novo.

Plaintiff continues to allege that he is indigent and cannot afford the search fee. Plaintiff also alleges that he has great personal need for the material sought. He wishes to protect himself against allegedly slanderous statements that have been made concerning his involvement in organized crime. Moreover, he seeks to use the information, which he alleges would not be available to him through conventional discovery techniques, to prepare his defense to pending criminal charges. Cognizant of the statutory standard of "public interest", plaintiff also alleges that disclosure and waiver of fees would benefit the general public by: 1) informing it of the Department's efforts ·in prosecuting organized crime; and 2) correcting the public record of his criminal past, as recounted in a book entitled *Dirty Money.*

The primary difficulty in assessing the validity of plaintiff's claim is the vagueness of the FOIA's interest standard for waiver fees: under what circumstances does furnishing information "primarily benefit the general public?" 5 U.S.C. § 552(a)(4)(A) (Supp. V 1975). The legislative history is virtually silent on the matter. The standard originated in the Senate bill, S. 2543, 93d Cong., 2d Sess. (1974), which defined "public interest" in terms identical to those of the present statute. *Compare id., reprinted in* 120 Cong.Rec. 17014 (1974) *with* 5 U.S.C. § 552(a)(4)(A) (Supp. V 1975) ("furnishing the information can be considered as primarily benefiting the general public").

5. In *Diapulse,* decided before the 1974 FOIA Amendments, the Second Circuit held that the Food and Drug Administration ("FDA") could not lawfully charge a fee of $103.60 a day for the "deletion of nondisclosable data." 500 F.2d at 79. Although Congress permitted agencies to authorize fees by regulation pursuant to 31 U.S.C. § 483a (1970), the court held that the regulation relied upon by the FDA, 21 C.F.R. § 2.115(a) (1973), was too vague an authorization to support the fees charged. Plaintiff does not allege that the regulations authorizing the fees in the case at bar are impermissibly vague, nor do they appear to be so. *See* 28 C.F.R. § 16.9(b) (1976).

6. Although the Administrative Procedure Act grants any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" the right to judicial review, 5 U.S.C. § 702, that Act requires trial de novo pursuant to *id.* § 706(2)(F) in only two circumstances: 1) "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate;" and 2) "when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971), *citing,* H.R.Rep.No. 1980, 79th Cong., 2d Sess.

S. 2543, however, added that fees would ordinarily not be charged whenever the person requesting the records was indigent, the fees were minimal, the records requested were not found, or the records were determined to be exempt from disclosure under 5 U.S.C. § 552(b). The Conference Committee subsequently amended the bill to delete the list of specific categories of situations where fees should not usually be charged. In doing so, however, "the conferees [did] not intend to imply that agencies should actually charge fees in these categories. Rather, they felt, such matters [were] properly the subject for individual agency determination in regulations implementing the [FOIA]." S.Conf.Rep.No.1200, 93d Cong., 2d Sess., *reprinted in,* [1974] *U.S.Code Cong. & Admin.News,* p. 6287. Congress passed the bill without amendment of this provision, 120 Cong.Rec. 17047 (1974), and the bill became law on November 21, 1974 when Congress overrode President Ford's veto. *Id.* at 36882. The only reference in the legislative history to the "public interest" standard which does more than track the statutory language is the statement by the Senate Judiciary Committee, S.Rep.No.854, 93d Cong., 2d Sess. 12 (1974), echoed by the bill's sponsor on the Senate floor, 120 Cong. Rec. 17020 (1974) (remarks of Senator Kennedy), that the standard be "liberally construed."

■ Consequently, in attempting to determine whether plaintiff is entitled to a waiver of fees, the court is faced with a vague standard and the general admonition that it be "liberally construed." Whatever meaning may be attributed to the words "public interest", however, plaintiff's claim that disclosure will primarily benefit the general public is clearly frivolous. The only public benefit plaintiff specifies is that of educating the general public as to both the extent of the Department's efforts against organized crime and the nature of plaintiff's involvement therein. This allegedly "public" interest is easily outweighed by the private benefit plaintiff seeks. Indeed, the claimed public interest appears to be manufactured for the purpose of taking advantage of the waiver provision. As plaintiff admits in his complaint, "[t]he principal purpose for which the information is intended to be used is . . . litigating pending criminal charges." There is nothing in plaintiff's allegation to distinguish it from any other inquiry made by a criminal defendant of the Department. Clearly, the "public interest" waiver was not intended to apply to all such inquiries.

Plaintiff, however, has alleged, and for the purposes of this motion it must be assumed, that he is indigent. The Department's regulation as to waiver of search fees states that a determination that the public interest warrants the waiver or reduction of fees "shall ordinarily not be made unless the service to be performed will be of benefit primarily to the public as opposed to the requester, *or unless the requester is an indigent individual.*" 28 C.F.R. § 16.9(a) (1976) (emphasis added). It might be argued, therefore, that the Acting Assistant Attorney General's apparent refusal to consider plaintiff's indigency as a factor in determining public interest, *see supra,* or even the Deputy Attorney General's treatment of indigency as but a single factor in that calculus, *see supra,* was a misreading of the applicable Department regulation. Nevertheless, the regulation does not state that a finding either that an applicant is indigent, or that the public benefit in disclosure outweighs the private benefit, *necessitates* a waiver of fees. A fair reading of the regulation is that either finding would be necessary to a determination of waiver, but neither finding alone would suffice to require a waiver.

■ Plaintiff has made no meaningful allegation of public interest other than indigency. Furthermore, this court cannot believe that the Department intended through its regulations to invoke automatically a waiver of fees whenever an applicant shows indigency and nothing else. Consequently, a de novo review of the record reveals that the public would not be the primary beneficiary of disclosure of the documents plaintiff seeks, and this court concludes that his indigent status does not *ipso*

*facto* require the waiver of search fees. Defendants' motion to dismiss is granted.

Let the clerk enter judgment accordingly.

So Ordered.