Elizabeth EUDEY, Plaintiff,

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**Civ. A. No. 79–1198.**

United States District Court,
District of Columbia.

Oct. 26, 1979.

Mark H. Lynch, ACLU Foundation, Washington, D. C., for plaintiff.

John O. Birch, Asst. U. S. Atty., U. S. Dist. Court, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Presently before the Court are cross motions for summary judgment in this action in which the Plaintiff, Elizabeth Eudey, seeks an order directing the Central Intelligence Agency to waive fees involved in processing her request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for documents concerning relations between the United States and Italian and French trade unions during the post World War II period. Plaintiff, a research associate at the University of California at Berkeley, is a historian engaged in a study intended for incorporation in a book analyzing the effects of United States foreign policy in this area.

The issue presented by the pending motions is a narrow question but an important one to members of the public and to government agencies. 5 U.S.C. § 552(a)(4)(A) provides:

In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying a uniform schedule of fees applicable to all constituent units of such agency. Such fees shall be limited to reasonable standard charges for document search and duplication and provide for recovery of only the direct costs of such search and duplication. Document shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primary benefiting the general public.[1]

Plaintiff argues that she is entitled to a fee waiver because the information she seeks is of public interest and because the agency has not demonstrated that furnishing the information will not benefit the general public. Defendant contends that, although Plaintiff's research is of public interest, a preliminary examination of its files reveals that little information, if any, will be released in response to Plaintiff's request because much of what she seeks is exempt from disclosure under the Act. Defendant argues that its determination to deny plaintiff a waiver on that basis is rational, not arbitrary and capricious, and must be upheld by the Court.

■ In *Fitzgibbon v. CIA*, Civ. No. 76–700 (D.D.C. October 29, 1976) (Order denying motion to dismiss), this Court found jurisdiction to review an agency denial of a fee waiver. *Id.*, slip op. at 3. *See Diapulse Corp. of America v. FDA*, 500 F.2d 75 (2d Cir. 1974); *American Mail Line v. Gulick*, 133 U.S.App.D.C. 382, 411 F.2d 696 (D.C.Cir. 1969). The Act gives the agency broad discretion in determining whether to waive fees. *See* 5 U.S.C. § 552(a)(4)(A); Conf. Rep. No. 93–1200, 93d Cong., 2d Sess. (1974), *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 6267, 6285, 6287. As stated in *Fitzgibbon*, given the discretion afforded the agency, the proper standard for judicial review of an agency denial of a fee waiver is whether that decision was arbitrary and capricious. *But see Rizzo v. Tyler*, 438 F.Supp. 895 (S.D.N.Y.1977) (*de novo* review in District Court). The agency's determination must be made in light of the

---

1. Defendant's regulations regarding fees for processing FOIA requests are found at 32 C.F.R. § 1900.1–.25 (1978). The language of the regulation governing fee waiver requests does not differ from that of the statute in any relevant respect. *See Id.* § 1900.25(a).

statutory language and its purpose of furthering liberal disclosure of government information. The standard for determining whether a fee waiver is in the public interest is "[whether] furnishing the information can be considered as primarily benefiting the general public." 5 U.S.C. § 552(a)(4)(A). Congress intended that the public interest standard be liberally construed, see S.Rep. No. 93–854, 93d Cong., 2d Sess. 12 (1974), and that fees not be used as an obstacle to disclosure of requested information. See Conf.Rep. No. 93–1200, supra, [1974] U.S.Code Cong. & Admin.News at p. 6287. Thus "[an] agency's decision not to waive fees is arbitrary and capricious when there is nothing in the agency's refusal of a fee waiver which indicates that furnishing the information requested cannot be considered as primarily benefiting the general public." Fitzgibbon v. CIA, Civ. No. 76–700 (D.D.C. Jan. 10, 1977).

■ The statute indicates that the issue to be considered by the agency is whether furnishing the information will primarily benefit the public at large or whether any benefit will inure primarily to the specific individual requesting the documents. The agency's decision not to waive fees will be rational, and therefore not arbitrary and capricious, if it is based upon some factor shedding light on that central issue. The identity of the requester and the nature of the information sought under the Act are proper factors for the agency to consider when faced with a fee waiver request. In many cases, the information sought will almost certainly benefit only the individual requesting it. In Rizzo v. Tyler, supra, for example, the requester was an inmate at a federal penitentiary who sought all Justice Department files relating to him. His document request and his request for a fee waiver were indistinguishable from any other similar inquiry made by a criminal defendant. Id. at 900. The Court found that any claimed public benefit from disclosure was specious and that the information would benefit only the Plaintiff. Id.. Although many cases will not be as clear as Rizzo, the identity of the requester and whether his purpose for seeking the information is academic, journalistic, commercial or of some other public or private nature and the character of the information itself can guide the agency's determination. If, after considering such factors, the agency concludes that furnishing particular information will not primarily benefit the general public but rather will primarily benefit the individual requester and the agency then denies a request for a fee waiver on that basis, its denial of a waiver will not be arbitrary and capricious.

■ In the instant case, the Central Intelligence Agency's determination not to waive fees was based on its assessment that few documents will be released in response to Plaintiff's request. That determination was arbitrary and capricious because it was based on a factor that is not controlling under the terms of the statute. The statute does not permit a consideration of how many documents will ultimately be released. The Court notes, moreover, that a single document may, in the present context, substantially enrich the public domain. In addition, knowledge of the quantity of responsive documents in agency files alone, or of the absence of such documents, may itself benefit the public by shedding light on the subject of Plaintiff's research. Finally, although the CIA has determined that most of the material sought is exempt from disclosure, once Plaintiff's request is processed the agency's determination will be subject to judicial review with the burden on the agency to justify non-disclosure under the statutory exemptions. It cannot be gainsaid that in many cases government agencies are unable to meet that burden. The CIA concedes that Plaintiff's research is of public interest and is significant. Its decision not to grant Plaintiff a waiver or reduction of processing fees under 5 U.S.C. § 552(a)(4)(A) was therefore arbitrary and capricious.

Based on the foregoing, it is by the Court this 26th day of October, 1979,

ORDERED, that Plaintiff's Motion for Summary Judgment be and hereby is GRANTED; and it is

FURTHER ORDERED, that Defendant's Motion for Summary Judgment be and hereby is DENIED.