Mark A. ALLEN, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGA-
TION, et al., Defendants.**

Civ. A. No. 81–1206.

United States District Court,
District of Columbia.

March 19, 1982.

James H. Lesar, Washington, D.C., for plaintiff.

Stephen Hart, Dept. of Justice, Washington, D.C., for FBI.

Stanley M. Broud, Gen. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for the Clerk U.S. House of Representatives.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action arises under the Freedom of Information Act, 5 U.S.C. § 552 (the Act). Plaintiff has moved for waiver of all search fees and copying costs. The non-congressional defendants contend that plaintiff has failed to exhaust his administrative remedies, and that the administrative denial of his fee waiver request was not arbitrary and capricious. For the reasons expressed below, the Court grants plaintiff's motion.

## I.

On December 12, 1980, Mark Allen wrote to the Federal Bureau of Investigation (FBI), requesting "all correspondence or any records of any communications between the U.S. House Select Committee on Assassinations and the Federal Bureau of Investigation relating to the Select Committee's investigation into the assassination of President John F. Kennedy." Mr. Allen requested these records "as part of a program of scholarly research into the work of the Assassinations Committee," and sought a waiver of search and copying fees. By letter dated January 30, 1981, Mr. Allen was informed that the FBI was in the process of determining whether Congress maintained control over the requested documents. The fee waiver determination was held in abeyance pending that determination.

Six weeks after this initial response, the FBI wrote Mr. Allen again. In this letter, dated March 13, 1981, the FBI referred to two letters from Congress requesting non-disclosure of the Assassinations Committee's records. Neither of the letters was provided to Mr. Allen. Although the FBI did not explicitly adopt the Congressional position, the letter informed Mr. Allen he could appeal "any denial contained herein" to the Associate Attorney General. Mr. Allen appealed the FBI's determination by letter dated March 19, 1981.

On April 6, 1981, plaintiff wrote to the FBI again and asked for all records relating to the Assassinations Committee's investigation of President Kennedy's murder not covered by his previous request. Plaintiff requested specifically material generated by the Assassinations Committee which "does not qualify as a congressional record..." He further asked for a waiver of all copying and search fees or, in the alternative, that the requested records be available in the FBI's public reading room for inspection and copying. The FBI reiterated its refusal to release material "generated in response to requests from" the Assassinations Committee. This denial was dated April 13, 1981. Four days later, Mr. Allen appealed the FBI's determination to the Associate Attorney General. Plaintiff was informed that decision on both appeals would be delayed because of a substantial backlog of pending appeals and a shortage of attorneys. The record does not reflect any action by the Associate Attorney General on either of plaintiff's appeals.

Plaintiff filed this action on May 22, 1981. On December 8, 1981, defendants stated that Congress did not maintain control over all of the requested records. Rather, defendants represented that four categories of documents are agency records: (A) FBI records sent to the Assassinations Committee; (B) FBI records made available to the Assassinations Committee at FBI offices; (C) Internal FBI memoranda pertaining to

the Assassinations Committee; and (D) FBI communications with other agencies pertaining to the Assassinations Committee. At hearings before the Court on December 8, 1981 and December 22, 1981, defendants stated that the question of fee waiver remained unresolved. Not until December 31, 1981, the day plaintiff filed and hand-served the instant motion, did the FBI send a letter to plaintiff denying his fee waiver request.

## II.

The doctrine of exhaustion of administrative remedies need not be applied rigidly in every case. The doctrine provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969), citing *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–464, 82 L.Ed. 638 (1938). It is subject to numerous exceptions. Application of the doctrine requires an understanding of its purposes and of the particular administrative scheme involved. *Ibid.*

Defendants argue that plaintiff has failed to exhaust his administrative remedies by not appealing the FBI's December 31, 1981 denial of fee waiver. The denial informed plaintiff of his right to appeal within thirty days to the Assistant Attorney General.

■ This is not a case where the applicable statute requires an administrative appeal from the initial denial of a fee waiver. *Cf. Myers v. Bethlehem Shipbuilding Corp., supra.* Rather, the Act states that a requester has exhausted his remedies when the agency fails to respond to an initial request within ten days or an appeal within twenty days. 5 U.S.C. § 552(a)(6)(A), (C). Since defendants have not complied with the statutory time limits for either of plaintiff's requests, plaintiff has exhausted his administrative remedies. *Marschner v. Department of State,* 470 F.Supp. 196 (D.Conn.1979); *Information Acquisition v. Department of Justice,* 444 F.Supp. 458 (D.D.C.1978). Plaintiff asked for fee waivers in both of his requests. Once the record requests were denied, plaintiff could assume reasonably that the fee waiver requests were also denied. Plaintiff's administrative appeals thus included his request for a fee waiver.

■ Defendants contend that there was no need to respond to the fee waiver request until they determined that some of the records belonged to the FBI, not Congress. This determination was made December 8, 1981, twelve months after plaintiff's initial request. Three weeks more passed before plaintiff's fee waiver request was denied. With due consideration to the number of records involved in this action and the complexity of the legal issues, defendants' actions do not represent the prompt response required by the Act. See U.S.C. § 552(a)(3) (". . . each agency, upon any request for records which (A) reasonably describe such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person"). To require plaintiff to appeal the December 31 denial of fee waiver would cause further unjustified delay.

## III.

Alternatively, defendants contend that their denial of a fee waiver should be upheld because it was not arbitrary and capricious.

Section 552(a)(4)(A) of the Act states that "Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefitting the public." This Court has reviewed agency refusal to waive fees under the arbitrary and capricious standard, *Eudey v. Central Intelligence Agency,* 478 F.Supp. 1175 (D.D.C. 1979); *Bussey v. Bresson,* No. 81–0536, 2 Govt. Discl. ¶ 81,228 (D.D.C. June 6, 1981), and has ordered a fee waiver where the

agency refusal was found arbitrary and capricious. *Eudley v. Central Intelligence Agency, supra.*

Defendants' letter denying a fee waiver recited seven factors as having been considered: the nature of information requested; the purpose for which the information is sought; the size of the public to be benefitted; the likelihood that tangible public good will be realized as a result of this release; whether disclosure is timely with regard to a matter of current public interest; its relevance to important legal, social or political issues; and whether the material is personal in nature or will serve only the private interests of the requester. Defendant recites these factors, but does not apply them to plaintiff's case.

■ With regard to the factors the Court notes that the Congressional investigation of President Kennedy's assassination is clearly a matter of public interest. The Kennedy assassination is one of the most talked about events in the history of our nation, and a subject in which the public has demonstrated almost unending interest. *See Allen v. Central Intelligence Agency,* 205 U.S.App.D.C. 159, 636 F.2d 1287, 1300 (1980). The primary benefit from disclosure of Assassination Committee records, if warranted under the Act, would be to the public. Defendants' unsupported judgment otherwise therefore was a clear error, and constitutes arbitrary and capricious decisionmaking.

Defendants assert two more justifications for the denial in their response to plaintiff's motion: (1) insufficient information was presented to the FBI to show that release to plaintiff would benefit the public; and (2) the requested records have either been published by the Assassinations Committee, made available in the FBI reading room as a result of other requests, or are irrelevant to President Kennedy's assassination. The Court finds they also lack merit.

■ Mr. Allen informed the FBI in his first letter that he was requesting the records "as part of a program of scholarly research into the work of the Assassinations Committee." He continued: "the performance and cooperation of the (FBI) in this probe and previous investigations into the murder of President Kennedy has been a subject of considerable discussion throughout the years. For this reason I believe the public would be significantly benefited by the release of the requested records, which would clarify the (FBI's) role in what may be the final official inquiry into the JFK assassination." Plaintiff presented sufficient information for the FBI to conclude that release to him would benefit the public at large rather than just the plaintiff himself. *Cf. Rizzo v. Tyler,* 438 F.Supp. 895 (S.D.N.Y.1977) (release to inmate of files regarding himself would benefit only inmate, not the public).

Plaintiff has indicated that he does not seek documents available in the FBI reading room. Plaintiff has submitted an affidavit from Professor G. Robert Blakey, a former chief counsel and staff director of the Assassinations Committee. Professor Blakey stated that the Committee did not publish everything it wanted to publish or everything which was relevant to President Kennedy's assassination. The Court accords substantial weight to Professor Blakey's affidavit because it is based on personal knowledge.

For the reasons stated above, the Court grants plaintiff's motion, and orders defendants to waive all search fees and copying costs for records made available to plaintiff as a result of this action. An appropriate order accompanies this opinion.

### ORDER

Upon consideration of plaintiff's motion for waiver of all search fees and copying costs, defendants' opposition, plaintiff's replies, the entire record in this action, and after oral argument on February 4, 1982, for the reasons expressed in the accompanying memorandum opinion, it is by the Court this 19th day of March 1982,

ORDERED that plaintiff's motion for waiver of all search fees and copying costs is granted; and it is further

ORDERED that defendants shall waive all search fees and copying costs for records made available to plaintiff as a result of this action.