**Sigmund DIAMOND**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al.**

**No. 79 Civ. 3770 (RLC).**

United States District Court, S. D. New York.

Oct. 7, 1982.

Dorothea W. Regal, Harold, Fales, White & Case, New York City, for plaintiff.

John S. Martin Jr., U.S. Atty., for Southern District of N.Y., Jane E. Bloom, Asst. U.S. Atty., New York City, for defendants.

## ENDORSEMENT

ROBERT L. CARTER, District Judge.

In an opinion dated August 5, 1981, it was held that certain documents sought by plaintiff were properly withheld from disclosure, but that *in camera* inspection was necessary to determine whether other documents should be released. *Diamond v. F.B.I.,* 532 F.Supp. 216 (S.D.N.Y.1981) (Carter, J.). Consideration of plaintiff's challenge to the government's denial of his application for a waiver of duplication fees and his motion for attorney's fees was stayed pending such *in camera* review because "only then can the historical significance [of the requested documents] be assessed accurately." *Id.* at 234. In May of this year, the court directed the parties to brief these two issues. By June 9, all papers were submitted and now the issues are ripe for determination.

Diamond has withdrawn his request for attorney's fees. In fact, plaintiff's memorandum indicates that the request was withdrawn in a Supplemental Memorandum dated October 29, 1980. Plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 1 & Ex. 2. Although the October, 1980 memorandum was submitted by prior counsel, plaintiff accepts it as binding.

The facts underlying the fee waiver dispute are set forth in the court's prior opinion, *Diamond v. F.B.I., supra,* 532 F.Supp. at 233–34. The F.B.I. refused to waive the $62.00 document reproduction fee because it could not assess the actual benefit to the public caused by releasing the information until after such release and because if all requests from authors were granted "the resultant expenditure of public funds would be very large, with no real guarantee of any benefit to the public." Defendants' Supplemental Memorandum, Ex. A, pp. 85–86. Plaintiff alleges that defendants' decision was based on inappropriate factors, made no reference to any relevant factor and was, therefore, arbitrary and capricious.

The Freedom of Information Act ("FOIA") provides that each agency shall promulgate a fee schedule limited to "reasonable standard charges for document search and duplication" to recover only the direct costs of such efforts. 5 U.S.C. § 552(a)(4)(A). "Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily bene-

fiting the general public." *Id.* In seeking a waiver of his $62.00 copying fee, Diamond asserted that the documents would be used in connection with lectures and articles on the history of the labor movement in the United States. Plaintiff is a professor of Sociology and History at Columbia University who has published research on this topic in the past. He alleged that neither he nor any scholarly organization would benefit financially from release of the requested material.

Both parties claim that the appropriate standard of review in this case is whether the agency action was arbitrary and capricious or an abuse of discretion. Most courts have applied such limited scrutiny to denials of fee waivers under the FOIA. *See, e.g., Eudey v. Central Intelligence Agency,* 478 F.Supp. 1175, 1176 (D.D. C.1979). Although some courts have reached views contrary to *Eudey* as to the proper level of scrutiny, *cf. Rizzo v. Tyler,* 438 F.Supp. 895 (S.D.N.Y.1977) (Gagliardi, J.) (*de novo* review), with *Burke v. Department of Justice,* 432 F.Supp. 251, 252 (D. Kan. 1976) (federal courts not empowered to review agency's discretion over whether to waive or reduce fees), the *Eudey* standard seems correct. The provision for *de novo* review in 5 U.S.C. § 552(a)(4)(B) relates to cases in which the complainant seeks "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld" and should not be applied to fee waiver disputes under § 552(a)(4)(A). *Sellers v. Webster,* Civil No. 80–4245 (S.D.Ill. Feb. 6, 1981), slip op. at 4. The *Burke* approach, which would strip the courts of the power to review agency decisions not to waive fees, even when agencies act arbitrarily and capriciously, clearly conflicts with Congress' intent that "fees not be used as an obstacle to disclosure of requested information." *Eudey v. Central Intelligence Agency, supra,* 478 F.Supp. at 1177. An intermediate level of review conforms to general APA standards, *Sellers v. Webster, supra,* slip op. at 4, as well as the purposes of the FOIA.

Pursuant to the statute, an agency's fee waiver determination must be based upon the public benefit to be achieved through furnishing the requested information. 5 U.S.C. § 552(a)(4)(A). A decision not to waive fees is not arbitrary and capricious if it is based on some factor shedding light on whether the information will primarily benefit the public or the individual recipient of the documents. *Eudey, supra,* 478 F.Supp. at 1177. Thus, where the requester seeks information relating solely to him in order to aid his defense against criminal prosecution, denial of fee waiver is not arbitrary. *See, e.g., Bussey v. Bresson,* Civil No. 81–0536 (D.D.C. Jul. 6, 1981), slip op. at 2; *Rizzo, supra,* 438 F.Supp. at 900.

Defendant's two alleged justifications for denying Diamond's waiver request lack merit. In light of plaintiff's representations concerning the use he would make of the information, the F.B.I. should have concluded that release to him would benefit the public. *See Allen v. F.B.I.,* Civil No. 81–1206 (D.D.C. March 19, 1982), slip op. at 6.

Insofar as the agency's determination was based on the risk to the public fisc in waiving fees for prospective authors without a guarantee of future public benefit, it was based on a factor "not controlling under the terms of the statute" and was, therefore, arbitrary and capricious. *Eudey, supra,* 478 F.Supp. at 1177. An agency may not decline to waive fees because of a perceived obligation to the public to collect them. *See Fitzgibbon v. CIA,* Civil No. 76–700 (D.D.C. Jan. 10, 1977), slip op. at 1. Courts seem most willing to overrule agency fee determinations in cases in which authors sought information to further their research into topics of historical interest. *See, e.g., Allen, supra; Eudey, supra.* Because the F.B.I. never determined that Diamond's research was not of public interest, its refusal to waive document reproduction fees was without rational support, and defendant is ordered to waive the fee.

IT IS SO ORDERED.