**Michael Alan CROOKER, Plaintiff,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS OF the U.S. DEPARTMENT OF THE TREASURY, Defendant.**

Civ. A. No. 83–1716.

United States District Court, District of Columbia.

Oct. 28, 1983.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action comes before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment, plaintiff's opposition thereto, defendant's two supplemental memoranda in support of its motion to dismiss or, in the alternative, for summary judgment and the entire record herein. For the reasons stated below, the Court grants defendant's motion to dismiss.

On March 22, 1983, the Disclosure Office of the Bureau of Alcohol, Tobacco, and Firearms ("BATF" or "agency"), defendant, received an initial Freedom of Information Act request from Michael Alan Crooker, plaintiff. The plaintiff's letter dated March 19, 1983, requested any records that were maintained under his name and for an updated copy of his Treasury Enforcement Communications System ("TECS") record printout.

By letter dated April 5, 1983, plaintiff was informed by Acting Chief, Disclosure Branch that he was "not of record" with BATF and that there had been no entries since the March 1982 request.

In a letter dated April 11, 1983, plaintiff again requested a copy of his updated TECS record and gave further information concerning his arrest by the Massachusetts State Police which plaintiff claims was made with the assistance of BATF. The letter asserts that certain reports concerning plaintiff's activities must have been made by agents of the BATF.

The agency construed plaintiff's April 11th letter as a refinement of his original and not an administrative appeal of the initial decision. Defendants sent a letter to plaintiff dated May 9, 1983, advising him that no new entries to his TECS record had been made since his March 1982 request. The letter also noted that there was no record at BATF that related to his arrest by Massachusetts State Police and was not retrievable by his name. The letter further advised plaintiff that the Disclosure Office would search the files under another identification if he would provide a reasonable identifier and agree to pay search and copy fees. Finally, the letter stated that no further action would be taken on his FOIA request until he agreed to pay reasonable research and copying fees. It was not until early August 1983 that these letters were received, allegedly because the Franklin County Jail in Greenfield, Massachusetts, failed to forward them.

Plaintiff filed suit on June 15, 1983, *pro se*, alleging that defendant BATF had wrongfully stated in its April 5, 1983 letter that plaintiff was "not of record" with the agency. Plaintiff also stated that defendant failed to respond to the renewed request of April 11, asking for a copy of his TECS record, as well as records relating to an alleged investigation by BATF agent that concerned his arrest by Massachusetts Police. Plaintiff seeks production of those alleged documents, as well as attorney's fees.

On July 1, 1983, the Disclosure Branch of BATF wrote plaintiff, enclosing an updated copy of his TECS record, with the necessary deletions pursuant to 5 U.S.C. §§ 552(b)(2) and (b)(7)(C). The letter also noted that he could seek administrative appeal of the above deletions and enclosed instructions of the proper procedures for expediting such an appeal. Finally, the BATF noted that if plaintiff wished to have an additional search conducted on other records, certain search fees and copying costs must be agreed to be paid for. This letter was also not received by plaintiff until early August 1983.

Defendant filed a motion to dismiss or, in the alternative, for summary judgment for lack of jurisdiction and failure of plaintiff to exhaust administrative remedies on July 29, 1983. The Court *sua sponte* granted

plaintiff a three-week extension, until September 1, 1983, to respond to defendant's motion.

On August 6, 1983, plaintiff wrote the Disclosure Branch of the BATF, advising them that he just received the agency's letters of May 9 and July 1. The letter states that he still has not received a copy of his TECS report and wished to have another copy forwarded to him. In addition, the letter further clarified plaintiff's FOIA request by asking the agency to look into the records of Anton Landwick Nelsen and Steven Crooker to see if there is any information in those files about plaintiff. Finally, plaintiff requested that the search fees and copying costs be waived because of his "total indigency."

Also, on August 6, 1983, plaintiff prepared his opposition to defendant's motion to dismiss which was filed on August 10. Again he asserts that he had not received defendant's letters of May 9 and July 1 until the early part of August. Additionally, plaintiff argues that the motion to dismiss should not be granted because defendant failed to respond to plaintiff's requests in a timely manner. He also asserts that defendant acted unreasonably by asking for additional information to aid it in processing plaintiff's renewed request for information. Lastly, plaintiff insists that defendant must waive the search and copying costs.

Defendant responded to plaintiff's August 6 letter on August 18, advising plaintiff that his request for a fee waiver was denied. Defendant noted that it was not agency policy to grant fee waivers under FOIA if the information sought would not benefit the general public.

On August 24, 1983, defendant filed a supplemental memorandum in support of its motion to dismiss or, in the alternative, for summary judgment, arguing that plaintiff had failed to exhaust his administrative appeals and that he also was not entitled to a fee waiver under FOIA.

On August 25, 1983, plaintiff appealed to the agency its decision on the fee waiver issue. He noted that because of his indigency he should be granted a fee waiver for his FOIA request. He also requested that the BATF should not draw a distinction between certain requests made for personal records located under the requestor's name under the Privacy Act and other records found in other individuals' files. BATF denied this appeal on September 22, 1983, stating that plaintiff was not entitled to a fee waiver under FOIA and that the requests for information under other individuals' names cannot be processed through the Privacy Act.

Finally, on September 28, 1983, defendant filed a second supplemental memorandum in support of its motion to dismiss or, in the alternative, for summary judgment.

## II.

The only issue that remains in this action is whether plaintiff is entitled to a fee waiver for his FOIA requests. The relevant section of the Freedom of Information Act that outlines the search and duplication fees question provides:

> In order to carry out the provision of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying a uniform schedule of fees .... Such fees shall be limited to reasonable standard charges for document search and duplication and provide for recovery of only the direct costs of such search and duplication. *Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public.*

5 U.S.C. § 552(a)(4)(A) (emphasis added). In addition, the BATF's regulations for fee waiver or reduction provide:

> (ii) When such a waiver or reduction has been requested in writing and the records are being requested by, or on behalf of, an individual who demonstrates in writing under penalty of perjury that he is indigent ... and compliance

with the request does not constitute an unreasonable burden on the Bureau;

(iii) When waiver or reduction of the fees is in the public interest because furnishing the information primarily benefits the general public;

27 C.F.R. § 71.25(d)(1).

 Plaintiff argues that because he is an indigent and unable to pay the necessary fees to have the search and copies made, these costs must be waived. As plaintiff notes, it is true that the identity of the requestor and the nature of the information requested are factors that must be considered in determining whether a fee waiver should be granted. *Eudey v. C.I.A.*, 478 F.Supp. at 1177. But it is also true that plaintiff has made no meaningful allegation of public interest other than indigency and that status alone "does not ipso facto require the waiver of search fees." *Rizzo v. Tyler*, 438 F.Supp. 895, 900–01 (S.D.N.Y.1977).

Under FOIA, in order for an agency to grant a fee waiver it must find that granting such a waiver and furnishing the information requested will benefit the public at large, rather than merely benefiting the individual who requests the information. *Eudey v. C.I.A.*, 478 F.Supp. 1175, 1177 (D.D.C.1979); *see also Burriss v. C.I.A.*, 524 F.Supp. 448, 449 (M.D.Tenn.1981) ("public should not foot the bill [for the search] unless [the public] will be the primary beneficiary of the search.") Plaintiff in this matter has been unable to show that the search requested is sufficiently in the public interest to justify a fee waiver. Where there is no showing of public benefit from disclosure and where there would be a significant burden on the agency to grant a fee waiver, it is reasonable for the agency to deny granting a fee waiver despite a claim of indigency.

 FOIA gives to government agencies discretionary power to determine whether to waive fees. Given this power, the Court cannot overrule the agency's determination unless that decision is clearly arbitrary and capricious. *E.g., Eudey v. C.I.A.*, 478

F.Supp. at 1177. It is important to note that:

the identity of the requestor and whether his purpose for seeking the information is academic, journalistic, commercial or of some other public or private nature and the character of the information itself can guide the agency's determination. If, after considering such factors, the agency concludes that furnishing particular information will not primarily benefit the general public but rather will primarily benefit the individual requestor and the agency then denies a request for fee waiver on that basis, its denial of a waiver will not be arbitrary and capricious.

*Id.* BATF's determination was not arbitrary and capricious. The agency weighed all the necessary factors, including plaintiff's indigency, and concluded that plaintiff's FOIA request was primarily personal in nature. Based on that determination, it justifiably denied plaintiff's request for fee waiver.

 Plaintiff finally argues that the information requested can be produced without cost to the plaintiff under the Privacy Act of 1974. 5 U.S.C. § 552a. The information that plaintiff now requests involves Anton Landwick Nelson and Steven Crooker. These requests do not fall under the Privacy Act. That information is indexed under the name of the *requestor* and those copies are provided free of charge. 5 U.S.C. §§ 552a(a)(5), 552a(d)(1). Access to other individual files and records are not available under the Privacy Act. Those requests are limited to FOIA, where there are search and duplication fees.

In light of the foregoing, plaintiff's request for fee waiver is denied. Because plaintiff's other demands are moot, the Court grants defendant's motion for summary judgment and dismisses this action.