**David ELY, Appellant,**

v.

**UNITED STATES POSTAL SERVICE.**

**No. 84–5222.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Dec. 21, 1984.

Decided Feb. 1, 1985.

David Ely, pro se, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, Michael J. Ryan and John H.E. Bayly, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TAMM and WALD, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

David Ely appeals from the district court's grant of summary judgment to appellee United States Postal Service. The facts and legal arguments of this case have been adequately presented in the briefs and record and appellant has stated that he does not request oral argument. *See* Local Rule 11(d).

Appellant, a prisoner incarcerated in a federal corrections institution, requested the Postal Service to provide him with copies of all files and documents concerning him in its possession, pursuant to the Freedom of Information Act and the Privacy Act. He stated that "I do not expect to be charged for the release of information since I am in litigation in forma pauperis." Letter from David F. Ely to U.S. Postal Service (April 28, 1983), *reprinted in* Appellee's Brief, at 41. Appellee informed appellant that it would treat his quoted statement as a request for a waiver of fees, and denied the request. Appellee stated that "I find no basis for concluding that it would be for the benefit of the public rather than the private interest to waive the fees in this instance...." Letter from K.H. Fletcher, Chief Postal Inspector to David F. Ely (June 9, 1983), *reprinted in* Appellee's Brief, at 47–48. Mr. Ely appealed this decision administratively, and was again denied. He then filed suit in the District Court for the District of Columbia, which granted summary judgment for appellee, stating that "the Postal Service did not abuse its discretion in denying plaintiff's request for a waiver of ... fees." *Ely v. United States Postal Service,* No. 83–2351, mem. op. at 12 (D.D.C. Mar. 29, 1984). The district court relied on the terms of the Freedom of Information Act for waiver of fees and on the Postal Service's compliance with its own regulations implementing the statute. The applicable statute provides: "Documents shall be fur-

nished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public." 5 U.S.C. § 552(a)(4)(A) (1982).

On appeal, appellant does not challenge the district court's finding that the Postal Service did not violate its own regulations. Instead, he asserts that the Postal Service did not have the discretion to deny his request on the basis of its public benefit requirement. Throughout this litigation and the events leading up to it, appellant has asserted that he is indigent, with "$0.00 funds to pay any costs or fees." Appellant's Brief at i. Appellant asserts that his indigency *alone* is justification for waiving fees. We must reject this contention. The fee waiver provision in the Freedom of Information Act was enacted to ensure that the public would benefit from any expenditure of public funds for the disclosure of public records. Congress rejected a fee waiver provision for indigents. *See* S.Rep. No. 1200, 93rd Cong., 2d Sess. 8, *reprinted in* 1974 U.S.Code Cong. & Ad. News 6267, 6285, 6287 (Conference Report). Prior decisions clearly tie fee waivers to public benefit, *see Allen v. FBI,* 551 F.Supp. 694 (D.D.C.1982); *Burriss v. CIA,* 524 F.Supp. 448 (M.D.Tenn.1981); *Eudey v. CIA,* 478 F.Supp. 1175 (D.D.C.1979), and establish that "where the requester seeks information concerning himself only, denied of fee waivers will be upheld despite the requester's indigence." *Bussey v. Bresson,* 2 Gov't Discl. ¶ 81,228, at 81,634 (D.D.C.1981). *Accord Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 577 F.Supp. 1213, 1216 (D.D.C.1983); *Rizzo v. Tyler,* 438 F.Supp. 895, 900–01 (S.D.N.Y. 1977) ("the public would not be the primary beneficiary of disclosure of the documents plaintiff seeks, and this court concludes that his indigent status does not *ipso facto* require the waiver of search fees."). Appellant was informed of the need to demonstrate public benefit in order to obtain a fee waiver, and he failed to make such a demonstration. We cannot fault appellee's denial of a fee waiver to appellant, nor do we disagree with the district court's determination that appellee did not act arbitrarily or capriciously.

Appellant invokes the fourteenth amendment, claiming that denial of a fee waiver to him violates his right of meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Appellant has stated, without substantiation or explanation, that he is "in litigation in forma pauperis." Letter from David F. Ely to U.S. Postal Service (April 28, 1983), *reprinted in* Appellee's Brief, at 41. Appellant has not indicated whether the litigation is civil or criminal, nor has he indicated how the records he seeks would assist him in preparing his case. Appellant has not advanced any reason why the denial of a fee waiver inhibits his access to court. On this record, we cannot find a violation of the fourteenth amendment. The order of the district court is therefore affirmed.

*Judgment accordingly.*