William T. **CONKLIN**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 86–K–2148.

United States District Court,
D. Colorado.

Feb. 23, 1987.

William T. Conklin, pro se.

Dahil D. Goss, Asst. U.S. Atty., Denver, Colo., Robert K. Coulter, Trial Atty., Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action under the Freedom of Information Act ("F.O.I.A."), 5 U.S.C. § 552, *et. seq.* On March 12, 1986, plaintiff, William Conklin, on behalf of the Church of World Peace, made a F.O.I.A. request for any and all documents pertaining to the Church of World Peace which defendant, the United States, ("IRS"), had generated since the last F.O.I.A. request made by the church.[1] Plaintiff requested a fee waiver for any and all search and duplication costs for these records because the church was, according to plaintiff, "indigent."

On April 24, 1986, defendant denied plaintiff's fee waiver application because plaintiff had failed to demonstrate the

---

1. The last request was made on August 4, 1984. Before then another request had been made on November 2, 1983.

church was indigent. Further, defendant informed plaintiff the total cost for the search and duplication of the documents would be $487.70. Defendant demanded immediate payment of $100.00 for "prepayment costs." Plaintiff submitted the $100.00 but continued to file fee waiver applications. All of the applications were denied, however. Plaintiff complains $487.70 is far too much for the information requested. An administrative appeal was taken but before a decision could be rendered plaintiff instituted this action.

The matter is now before me on the parties cross-motions for summary judgment. The issue presented by these motions is whether plaintiff is entitled to a waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A). The waiver request is not based on indigency, however. Plaintiff now claims it is in the "public interest" for these records to be produced. Accordingly, plaintiff argues defendant should grant the fee waiver application pursuant to that consideration.

Section 552(a)(4)(A) of the F.O.I.A. provides:

> In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying a uniform schedule of fees applicable to all constituent units of such agency. Such fees shall be limited to reasonable standard charges for document search and duplication and provide for recovery of only the direct costs of such search and duplication. *Documents shall be furnished without charge where the agency determines that waiver or reduction of the fees is in the public interest because furnishing the information can be considered as primarily benefitting the general public.*

5 U.S.C. § 552(a)(4)(A) (1986 Cumm Supp.) (emphasis added).

■ Although legislative history admonishes agencies to apply the public interest waiver liberally, Senate Judiciary Committee, S.Rep. No. 854, 93rd Cong., 2d Sess. 12 (1974), the statute grants agencies broad discretion to determine whether a fee waiver is appropriate.[2] Accordingly, most courts review agency fee waiver decisions only for an abuse of discretion. Courts will not reverse a denial of a fee waiver unless it was arbitrary and capricious. *Burke v. Department of Justice*, 432 F.Supp. 251, 252 (D.Kan.1976) (fee waivers are a matter of administrative discretion) *aff'd* 559 F.2d 1182 (10th Cir.1977). I must decide, therefore, whether the decision to deny plaintiff's request for a fee waiver was *arbitrary and capricious.* I find the decision was neither arbitrary nor capricious and therefore affirm the decision to deny plaintiff's fee waiver application.

Plaintiff argues he is entitled to the public interest fee waiver because of an alleged general public interest in knowing how unfairly the IRS has treated him. "The standard for determining whether a fee waiver is in the public interest is '[whether] furnishing the information can be considered as *primarily* benefitting the general public' 5 U.S.C. § 552(a)(4)(A)." *Eudey v. Central Intelligence Agency*, 478 F.Supp. 1175, 1177 (D.D.C.1979) (emphasis added). Although this is admittedly an ambiguous standard, it is not totally devoid of any meaningful boundaries. Plaintiff, however, exceeds these boundaries as he attempts to stretch the public interest fee waiver rationale such that mere allegations of "IRS oppression" justify a fee waiver. Plaintiff states:

> [i]f the public has an interest in Watergate and the Iran-Contra Scam, they [sic] certainly have an interest in the usurpation of power and violation of rights of individuals in an organization, especially First-Amendment association ... [t]he government is now conducting a "World

**2.** In addition to the public interest waiver, the Internal Revenue Service Statement of Procedural Rules also provides for a waiver of fees when the requestor is indigent. Treas.Reg. § 601.702(f)(2)(ii). In the instant case, how-

ever, although plaintiff originally requested the information pursuant to a claim of indigence, he neither claims nor introduces evidence of indigency in his motion for summary judgment.

Peace Gate" against the Church of World Peace.

*Plaintiff's Response to Motion for Summary Judgment, pp. 1–2.*

To be sure, plaintiff has the right to speak out against what he considers to be political injustice and bureaucratic tyranny. This is his fundamental right under the First Amendment. Also, critique of political institutions is a "public concern" in a very general sense. However, for purposes of construing a primary benefit to the public interest, *pursuant to 5 U.S.C. § 552*, the meaning of "public interest" cannot become so broad and far-reaching that the public interest fee waiver is converted into the rule and not the exception. To grant every public interest fee waiver application simply because the application alleges an agency is "oppressive", and as such is of "public interest", would be to ensure the granting of virtually every F.O.I.A. fee waiver request. Certainly each F.O.I.A. request could be deemed, somehow, to possess a "public interest." This, however, was not the intent of Congress when it created the public interest fee waiver exception.

Other than plaintiff's assertions that disclosure of the requested documents would be in the public interest based on his opinion that the IRS is "oppressive", he has provided no information in support of his claim of primary public benefit. In light of the total absence of any meaningful exposition of public benefit, except in the most general sense that in the grand scheme of things "everything is in the public interest", defendant's denial of plaintiff's fee waiver request was entirely reasonable and was not an abuse of discretion.

The documents available to plaintiff for release would be of no real value to the general public. The documents in issue relate to issues of taxation involving the church and its members. Thus, release of this material to plaintiff would benefit only the church and its members. It would not be a primary benefit to the public.

Whether the church has something to say of value or of general interest concerning a political agency is not the issue here. Rather, the issue is whether the church's personal involvement with the IRS is somehow of interest to the general public. It is not. If it were, the same statement could be made on behalf of any taxpayer who might have a personal axe to grind with the IRS. In that case, as in the instant case, a disclosure of records does not rise to the level of being in the public interest simply because an individual attempts to analogize his or her personal tax situation with that of the public at large.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted.

DATED at Denver, Colorado this 23rd day of February, 1987.