Bill Cohen, Asst. U. S. Atty., Nashville, Tenn., Elizabeth Freedgood, Atty., CIA, Washington, D. C., for defendants.

Larry L. BURRISS

v.

CENTRAL INTELLIGENCE AGENCY and William J. Casey.

No. 81–3464.

United States District Court, M. D. Tennessee, Nashville Division.

Sept. 28, 1981.

### MEMORANDUM

MORTON, Chief Judge.

This cause came to be heard on September 24, 1981, upon defendants' motion for dismissal or, in the alternative, summary judgment. Presence in the record of the matter outside the pleadings mandates treatment of the motion as one seeking summary judgment. *See* Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 56. It is conceded by all parties that no material fact remains in dispute.

On February 2, 1981, plaintiff filed a request with defendant Central Intelligence Agency (CIA) seeking the release of certain documents from that agency's files. More importantly insofar as this litigation is concerned, plaintiff sought a waiver of all search and copying fees with respect to his request. Following an exchange of letters by which plaintiff's request was clarified, the CIA refused to waive fees covering the cost of searching its files and suspended further action upon plaintiff's request pending an assurance by him that he would pay the fees. Following an unsuccessful appeal of that determination, this civil action was initiated.

■ Upon a request that fees be waived in a situation such as is presented here, "[d]ocuments shall be furnished without

charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefitting the general public." 5 U.S.C. § 552(a)(4)(A). Pursuant to statutory authorization and in accordance with pertinent regulations, it is clear that the decision whether to waive search fees lies within agency discretion. In this as in other areas, agency decisions will not be set aside unless arbitrary, capricious, or not in accordance with applicable law.

It is clear that a showing of abstract "public interest" in the subject matter to which files relate should not be sufficient alone to require a waiver of search fees. The statute itself, even apart from regulations promulgated thereunder, discloses that the relevant inquiry should concern whether "furnishing the information" will serve the public interest. For present purposes, the question may be defined as whether plaintiff has documented his request in such a fashion that the public should pay for the search that will follow. In simple terms, the public should not foot the bill unless it will be the primary beneficiary of the search.[1]

Plaintiff's request indicated simply the following: "I am an instructor and researcher employed by Middle Tennessee State University, and intend to use the information I am requesting as the basis for a planned book." From that point on it may be said that confusion has reigned. CIA officials took the position that plaintiff had failed to demonstrate that *availability* of released information would be such that the public would primarily benefit. Meanwhile plaintiff continually pressed an assertion that sufficient public interest in the *content* of the targeted CIA files justified a waiver of fees. An impasse resulted perhaps only because the parties were pursuing cross-purposes.

■ Whatever information the CIA may be entitled to require prior to granting a fee waiver, that agency obviously has not abused its discretion by denying plaintiff's request based upon a mere representation that he is a researcher who plans to author a book.[2] Department of Justice guidelines upon which all parties rely state that

satisfaction of the statutory standard may largely turn upon the prospects that release of the information to the requester will result in its effective dissemination to the public,

and that the agency reviewing a request

is not under an obligation to solicit or collect facts about the requester, nor need it ordinarily give much weight to bare, unsupported general assertions by a requester that he/she is a scholar or expert in a particular field, or that he/she is a journalist or writer who will disseminate the information to the public.

At the hearing on defendants' motion, plaintiff indicated a willingness to restructure his request so that it might be more compatible with agency guidelines. It is to be hoped, of course, that renewed efforts might avoid a situation in which the parties again come at loggerheads over the issue of fee waiver. The court cannot and will not attempt to set out the precise threshold at which a revised proposal might meet agency requirements, however. An advisory opinion on this point, aside from being inappropriate, would carry no binding effect and might be misleading. The decision regarding fee waiver lies solely within agency discretion, albeit discretion bounded by statute and regulations. Discourse among the parties would be immeasurably more valu-

---

1. A Department of Justice *Memorandum* dated December 18, 1980, in setting forth interim guidelines under 5 U.S.C. § 552(a)(4)(A) stated this idea by emphasizing "the general need to exercise proper control over the use by an agency of valuable staff services that constitute resources provided by the taxpayers—resources that might otherwise be conserved, or used for other federal work."

2. Plaintiff stated in his complaint that the request was submitted "for the purpose of preparing a doctoral dissertation." Particularly in light of relevant guidelines, this proposal would be even less impressive in terms of assuring that the requested information will primarily benefit the general public.

able than any definitional effort by the court accompanied as it might well be by a ring of oversimplification.

Disposition of the substantive issue addressed herein precludes the need to determine whether William J. Casey was appropriately named as a party defendant. Furthermore, the court need not dwell upon whether *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), has any bearing whatsoever upon the issue raised.

An appropriate order will be entered.