**Michael Alan CROOKER, Plaintiff,**

v.

**DEPARTMENT OF THE ARMY,
Defendant.**

**Civ. A. No. 83–2349.**

United States District Court,
District of Columbia.

Jan. 13, 1984.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment, plaintiff's opposition thereto, defendant's three supplemental memoranda in support of its motion, plaintiff's two supplemental responses to defendant's motion, and the entire record herein. For the reasons stated below, the Court grants defendant's motion for summary judgment.

### I.

On Friday, July 1, 1983, the United States Army Medical Research and Development Command received an initial Freedom of Information Act ("FOIA") request from Michael Alan Crooker, plaintiff. Plaintiff's letter dated June 22, 1983, requested documents surrounding the testing of a toxin, ricin, which was allegedly performed by defendant for certain law enforcement agencies in the State of Massachusetts. Also in the June 22nd letter, plaintiff indicated a willingness to pay fees for costs incurred in processing his FOIA request.

On July 19, 1983, plaintiff was notified by the Army that it had begun to process his request but that an extension of time was necessary within which to respond to his FOIA request in order to comply with certain Army regulations that are not pertinent to this action. Defendant also indicated in the letter that it planned to respond to plaintiff's request within 30 days from the date of the letter.

Plaintiff filed suit on August 3, 1983, alleging that defendant failed to respond to plaintiff's request within the requisite time and was improperly withholding information that was the subject of his FOIA request.

On August 19, 1983, defendant notified plaintiff by letter that it had compiled all material requested by plaintiff. Also in that letter, defendant informed plaintiff that because of certain outstanding commitments made by plaintiff to pay fees owed to the Bureau of Alcohol, Tobacco and Firearms ("BATF") from prior FOIA requests and pursuant to Army Regulation, 340–17, paragraph 6–200, the Army would require payment of search fees before it would continue to process plaintiff's FOIA request and forward the desired information.[1]

Also in the August 19, 1983 letter, defendant requested from plaintiff payment of $131.20 to cover the cost of all fees incurred pursuant to plaintiff's FOIA request. Plaintiff was informed that upon payment of said fees, the Army would promptly complete the processing of plaintiff's FOIA request and forward the material.

In response, plaintiff requested a waiver or reduction of fees for the processing of his FOIA request. In a letter dated August 24, 1983, plaintiff claimed that he was "totally indigent" and "in the process of writing a biography" about his brother, Steven Crooker. Letter from Michael Alan Crooker, August 24, 1983, attachment 4, Defendant's Motion for Summary Judgment ("Aug. 24, 1983 letter"). He also argued that the amount of the fees requested was unwarranted, excessive, and demanded solely for the purpose of thwarting plaintiff's attempt to receive the requested information. Finally, plaintiff claimed that he did not owe the BATF fees from prior FOIA requests and so was entitled to the information prior to payment of any fees.

On September 19, 1983, the Army denied plaintiff's request for a waiver of fees. It noted that it was not attempting to discour-

---

1. Army Regulation 340–17, paragraph 6–200; 32 C.F.R. § 518.19(a), provides in pertinent part: "Collection of fees in advance is an appropriate requirement only when the requester has not agreed in writing to pay the anticipated fee or has not honored previous commitments or pay fees that were owed an agency or component."

age plaintiff from receiving the requested information. Defendant explained that the information plaintiff requested was not part of a routine search and required a thorough investigation, thus justifying the fees requested. Defendant further noted that the initial search was conducted because of plaintiff's original representation that he intended to pay the necessary fees, but upon the Army's discovery of plaintiff's failure to pay fees for prior FOIA requests with the BATF, it determined that it was necessary to require prior payment before releasing the requested information. The letter also stated that a waiver of fees was not appropriate in this matter because plaintiff had not provided sufficient evidence which demonstrated that the requested information would primarily benefit the general public. Defendant further explained that a claim of indigency was not dispositive without some showing of public interest. Finally, plaintiff was advised that if he wished to challenge the Army's initial decision, he was entitled to administratively appeal that decision within 30 days.

On September 26, 1983, plaintiff appealed the Army's initial decision denying plaintiff's request for a fee waiver. In that letter plaintiff asserted that the requested fees were excessive, that he was unable to pay the search fees, and that he did not owe the BATF any past fees. Plaintiff further noted that he was in the midst of writing a book about his brother and needed the requested information to support that effort.

On November 9, 1983, the Army issued its final agency decision on the question of whether plaintiff was entitled to a fee waiver under FOIA for the requested information. Although it upheld the Army's initial denial to waive fees, it reduced that total fee cost by $48.00. It reasoned that although some of the search time involved helped reveal where pertinent documents could be located, that part of the search did not directly produce any portion of the requested documents and should therefore, in this instance, not be considered part of the cost for conducting the requested search.

The letter further outlined the Army's position as to the remaining fees which plaintiff wished to have waived. It concluded that "no public interest ... would be served" by distribution of the requested information. Letter from Darrell L. Peck, Deputy General Counsel, November 9, 1982, attachment B, Second Supplemental Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Nov. 9, 1983 letter"). The letter further explained that plaintiff's claim concerning his plans to write a book about his brother was not dispositive where it is plain from all of the information available, that the requested documents would serve primarily for personal and not public interest purposes. The letter went on to state that "the motivation behind [plaintiff's] FOIA request may well be contrary to the public interest." *Id.*

## II.

Plaintiff asserts that he is entitled to the requested information. Although defendant does not argue with that assertion, it notes that plaintiff is not entitled to a fee waiver and must first pay the requested fees before he may receive the desired information. The only substantive issue that remains in this action is whether plaintiff is entitled to a fee waiver for his FOIA request. The pertinent section under FOIA that outlines the search fees question provides:

> In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying a uniform schedule of fees applicable to all constituent units of such agency. Such fees shall be limited to reasonable standard charges for document search and duplication and provide for recovery of only the direct costs of such search and duplication. *Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in*

*the public interest because furnishing
the information can be considered as
primarily benefiting the general pub-
lic.*

5 U.S.C. § 552(a)(4)(a) (emphasis added).
Pursuant to this statutory provision, the
Army has promulgated regulations con-
cerning search and duplication fees. Those
regulations provide, in pertinent part, that:

> c.  Decisions to waive or reduce fees
> ... shall be made on a case-by-case ba-
> sis.  Documents shall be furnished by
> Army activities without charge or at a
> reduced charge where they determine
> that waiver or reduction of fees is in the
> public interest because furnishing the in-
> formation can be considered as primarily
> benefiting the general public.  It is the
> responsibility of the requester to docu-
> ment adequately that a waiver or reduc-
> tion of fees is appropriate by explaining
> how information of the type the reques-
> ter expects to find in the records would
> benefit the general public....  Army ac-
> tivities may consider factors such as
> those listed below in determining that a
> waiver or reduction of fees is in the
> public interest, but the existence of one
> or more of these factors does not require
> an activity to waive or reduce fees.

> 1.  The information has the potential
> to contribute to constructive public dis-
> cussion and debate, based on the subject
> matter of the requested information and
> the scope of its expected dissemination.

> 2.  The requester's expected use of
> the information reflects that:

> (a) The requester will have access to
> the media or other means of disseminat-
> ing the requested information to the pub-
> lic ....

> \*    \*    \*    \*    \*    \*

> 3.  The requester is indigent or unable
> to pay the total amount of the assessed
> fees; however, a claim of indigency or
> inability to pay fees does not automati-
> cally entitle a requester to a fee waiver
> or reduction.

Army Regulation 340–17, paragraph 6–
101(c);  32 C.F.R. 518.18(b)(3).

Plaintiff argues that because he is writ-
ing a book about his brother he should be
entitled to receive this information free of
charge.  Defendant notes that the mere
assertion that one plans to write a book,
the subject of which may involve the re-
quested information, will not necessarily
compel an agency to grant plaintiff the
requested fee waiver.

In determining whether plaintiff should
be entitled to a fee waiver, the Army re-
viewed the history of this matter and con-
cluded that the release of the requested
documents would not necessarily serve the
public interest.  As part of its determina-
tion, it noted that plaintiff's "brother's in-
volvement with this information is limited
to his being the subject vof [sic] allegations
of criminal activity regarding the docu-
ment's subject matter."  Nov. 9, 1983 let-
ter.  The Army therefore determined that
this fact supported the conclusion that
plaintiff's request for document was pri-
marily for personal and not public interest
reasons.

■■■  The Court is in agreement with
the Army's conclusion.  In order for a Fed-
eral agency to grant a fee waiver, it must
find that the granting of such a waiver will
benefit the public at large, rather than just
benefit the individual who requests it.  *Eu-
dey v. CIA*, 478 F.Supp. 1175, 1177 (D.D.C.
1979);  *see also Burriss v. CIA*, 524 F.Supp.
448, 449 (M.D.Tenn.1981) ("public should
not foot the bill [for the search] unless [the
public] will be the primary beneficiary of
the search.")  There has been no real show-
ing by plaintiff that the search requested
will benefit anyone but the plaintiff and his
brother.  The mere statement that plaintiff
plans to write a book about his brother
cannot be dispositive of the question of
whether waiver of fees will serve the pub-
lic interest.  *See Burriss v. CIA*, 524
F.Supp. at 449.

The Army further noted that the infor-
mation requested about the toxin, ricin,
would not spawn public debate or discus-
sion.  The Army explained that the interest
in the substance is limited to a small seg-
ment of the scientific community and there-

fore any claim by plaintiff of "public interest" to help foster a waiver of fees would be without basis.

■ Plaintiff has also argued that because of his indigency a fee waiver would be appropriate in this matter. Both the regulations and case law are clear on the question of whether indigency alone is sufficient to entitle a requester to a waiver of search fees. Although indigency is a factor that should be considered in determining whether an individual is entitled to a fee waiver, that alone "does not automatically entitle a requester to a fee waiver or reduction." Army Regulation 340–17, paragraph 6–101(c)(3); 32 C.F.R. 518.18(b)(3). Additionally, the court in *Rizzo v. Tyler,* 438 F.Supp. 895 (S.D.N.Y.1977), explained that where a plaintiff has made no meaningful allegation of public interest other than indigency, that status alone "does not ipso facto require the waiver of search fees." *Id.* at 900–01.

■ It is important to note that even if the Court would have come to a different conclusion than the Army on the fee waiver issue, that determination would have been irrelevant. Under FOIA, Congress gave to the different governmental agencies the discretionary power to determine whether to waive search fees. *See* 5 U.S.C. § 552(a)(4)(A). Only if the agency's decision is arbitrary and capricious may the Court overrule its determination. *Eudey v. CIA,* 478 F.Supp. at 1177. The Court therefore cannot replace its own judgment for that of the Army's without first concluding that the Army's fee waiver decision was completely unreasonable and unfair. It is evident from all that has been presented to the Court that the Army's conclusion was not arbitrary or capricious. The Army carefully considered the many relevant factors and determined that plaintiff's FOIA request was exclusively for plaintiff's own personal purposes. Based on that determination, the Army justifiably denied plaintiff's request for a fee waiver and the Court cannot upset such a conclusion.

■ Plaintiff also contends that the Army wrongfully withheld the requested information. Plaintiff claims that because he offered to pay the necessary search fees, he was entitled to the requested information prior to any payment of fees. He further disputes defendant's assertions that plaintiff failed to pay for costs from prior FOIA requests with the BATF. It is not disputed that failure to honor previous commitments to pay fees to agencies that have processed prior FOIA requests would be grounds for another agency to demand advance payment of fees for its costs before a new FOIA request would be processed. *See supra* n. 1. Defendant in its preparation for this motion has provided the Court persuasive evidence which demonstrates plaintiff's failure to pay the BATF certain fees and costs from prior FOIA requests. *See* Affidavit of Karen R. Brumbaugh, Invoices, Supplemental Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Despite this proof, plaintiff disputes the BATF nonpayment allegations.

It is unnecessary for the Court to delve into the factual question of whether plaintiff does, in fact, owe the BATF search fees from prior FOIA requests. That question is not central to the action before the Court. Plaintiff has indicated in correspondence that he is unable or unwilling to pay for the costs incurred as a result of his FOIA request. *See* Aug. 24, 1983 letter; Letter from Michael Alan Crooker, September 26, 1983, Reply Memorandum. He additionally has pursued with great advocacy the question of whether he is entitled to a fee waiver. Once an individual has indicated that he intends not to pay for the costs incurred in processing his FOIA request, it is appropriate for the Army to demand payment *prior* to the actual processing of that request. *See* Army Regulations 340–17, paragraph 6–200; 32 C.F.R. § 518–19(a); *supra* n. 1. Therefore, plaintiff's assertion of improper withholding of requested information by the Army is without basis.

For the reasons stated above, the Court grants defendant's motion for summary judgment and dismisses this action.