Dana BIBERMAN et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGA-
TION et al., Defendants.

No. 79 Civ. 2313.

United States District Court,
S. D. New York.

Sept. 25, 1980.

Susan V. Tipograph, Susan Y. Kunstler, New York City, for plaintiffs.

John S. Martin, U. S. Atty., for the Southern District of New York, New York City, for defendants; William Hibsher, Asst. U. S. Atty., New York City, of counsel.

LASKER, District Judge.

This Freedom of Information Act ("FOIA") case is a companion action to *Clark v. United States*, 481 F.Supp. 1086, in which these and other plaintiffs seek damages and injunctive relief for alleged break–ins and burglaries of their homes and offices, harassment, wiretaps, mail openings and other forms of illegal surveillance conducted by federal officials and agencies. Dissatisfied with the discovery furnished in *Clark*, plaintiffs brought this action to compel the Federal Bureau of Investigation ("FBI") to turn over files it maintains on plaintiffs.

Plaintiffs now move pursuant to 5 U.S.C. § 552(a)(4)(E) for an interim award of attorneys fees in the total amount of $13,875.

Section 552(a)(4)(E) provides:

"The court may assess against the United States reasonable attorneys fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

Plaintiffs argue that they have "substantially prevailed" within the meaning of the statute because, they claim, by bringing this lawsuit they have caused the government to produce over 4,000 pages of documents not previously produced on demand under 5 U.S.C. § 552 *et seq.* Plaintiffs concede that "litigation of the instant action is still at its early stages" and that "the instant motion will undoubtedly be only the first of a number of similar motions." (Affirmation of Susan V. Tipograph, ¶¶ 3, 9, sworn to December 26, 1979). The government contends that the motion is premature. It also argues that plaintiffs cannot be said to have prevailed since they have failed to demonstrate that they have secured documents in this case which would not have been furnished to them under the normal discovery procedures available in the *Clark* case. Finally, the government asserts that plaintiffs have failed to establish that any documents were wrongfully withheld under 5 U.S.C. §§ 552 *et seq.* and that such a showing is required to warrant imposition of attorneys fees.

I.

The initial question is whether § 552(a)(4)(E) authorizes the courts to order the payment of "interim" attorneys fees. Plaintiffs have not brought to the attention (and our research has not revealed) any cases under the statute in which such an interim award has been made. Although the government cites two unreported cases in which the court declined to grant such an

award, those decisions do not address the question of the court's authority, but merely deny the applications. *Exner v. Federal Bureau of Investigation,* No. 76–1903 (9th Cir. November 15, 1978); *Bissell v. Federal Bureau of Investigation,* No. CV–78–3521–MML (C.D.Cal. June 21, 1979). Nor does the legislative history of this provision, which fails to mention the possibility of an interim award, either favorably or unfavorably, offer much guidance on whether Congress intended to grant such authority. *E. g.,* H.R.Rep. No. 93–1380, 93d Cong., 2d Sess. (1974) (Conference Report); S.Rep. No. 93–854, 93d Cong., 2d Sess. (1974); H.R. Rep. No. 93–876, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News 6267; H.R.Rep. No. 92–1419, 92d Cong., 2d Sess. (1972).

Nevertheless, as indicated below, Congress' statements of the policy intended to be advanced by the attorneys fee provision support the conclusion that an interim award may be made in appropriate circumstances. As the government concedes,[1] the purpose of § 552(a)(4)(E) was to remove the obstacle presented by litigation costs in bringing a FOIA action and to encourage private persons to press their suits, thereby advancing the goal of open government. For example, in a report on the administration of FOIA relating to the 1974 enactment of the attorney's fee provision, the Committee on Government Operations listed as one of the major problem areas:

"The cumbersome and costly legal remedy under the act when persons denied information by an agency choose to invoke the injunctive procedures to obtain access; although the private person has prevailed over the Government bureaucracy a majority of the important cases under the act that have gone to the Federal courts, the time it takes, *the investment of many thousands of dollars in*

attorney *fees* and court costs, and the advantages to the Government in such cases makes litigation under the act less than feasible in many situations;"

H.R.Rep. No. 92–1419, 92d Cong., 2d Sess. 8 (1972) (emphasis added); *see id.* at 73. As the Senate committee reporting on the amendments stated,

"[The attorneys fee] provision was seen by many witnesses as crucial to effectuating the original congressional intent that judicial review be available to reverse agency refusals to adhere strictly to the Act's mandates. Too often the barriers presented by court costs and attorneys' fees are insumountable [*sic*] for the average person requesting information, allowing the government to escape compliance with the law.  .  .  .

"Congress has established in the FOIA a national policy of disclosure of government information, and the committee finds it appropriate and desirable, in order to effectuate that policy, to provide for the assessment of attorneys' fees against the government where the plaintiff prevails in FOIA litigation. Further, as observed by Senator Thurmond:

We must insure that the average citizen can take advantage of the law to the same extent as the giant corporations with large legal staffs. Often the average citizen has foregone the legal remedies supplied by the Act because he has had neither the financial nor legal resources to pursue litigation when his Administrative remedies have been exhausted."

S.Rep. No. 93–854, 93d Cong., 2d Sess. 16 (1974).

Experience teaches that cases arise in which the protracted nature of the litigation is such that, without the support of an interim award of attorneys fees, a plaintiff's meritorious claim might have to be

---

1. The government states that

"There can be no doubt that the attorneys fee and costs provisions included in the FOIA amendments were intended by Congress both to remove an impediment which had become a disincentive to invocation of the Act by private individuals and to encourage agencies

to consider their chances of prevailing in court before routinely resisting requests for disclosure of information."

Memorandum of Law in Opposition to Plaintiffs' Motion for an Award of Interim Attorneys Fees, p. 4.

dropped. If the court lacks authority to grant such an interim award, the Congressional purpose in adopting § 552(a)(4)(E) would, *pro tanto*, be frustrated: the litigation would wither and die; the records sought would remain undisclosed. The availability of a final award in such circumstances would be fools gold only.

It is true that a determination of the total amount of fees to be awarded on one motion at the conclusion of the action would more efficiently decide the question than periodic interim decisions. However, the policy concerns which underly the attorney's fee provision ought to be accorded priority over a marginally increased judicial burden.

In sum, we conclude that § 552(a)(4)(E) authorizes an interim award of attorneys fees in appropriate circumstances, but that because of the inefficiency of such a procedure, such an award ought to be made only in those cases in which it is necessary to the continuance of litigation which has proven to be meritorious at the time of the application. On the present record, however, the plaintiffs have not established that this is such a case. They have presented no evidence which supports their claim that this action cannot continue unless an interim award is granted.

## II.

The government argues that plaintiffs are not entitled to an award of fees because they have not "substantially prevailed" within the meaning of the statute.

First, it is contended that in order to "prevail" plaintiffs must establish that some documents sought in this case have been wrongfully withheld. The determination of whether the documents were wrongfully withheld, according to the government, depends on a court determination which has not yet been made: a decision as to whether the exemptions now claimed by the FBI are properly asserted. However, this contention misses the thrust of plaintiffs' position. Plaintiffs claim that they have already prevailed by achieving the production of over 4,000 pages of files as to which no exemption is claimed, and which were not produced pursuant to plaintiffs' FOIA request prior to the initiation of this lawsuit. The determination of whether the FBI correctly claimed exemptions as to the documents not yet produced may be relevant to subsequent requests for attorneys fees, but cannot affect the decision whether plaintiffs have substantially prevailed here already.

Second, the government argues that this lawsuit was unnecessary because the documents produced here are largely duplicative of those produced in *Clark*, and that accordingly plaintiffs are not entitled to a fee award.

We agree that if this action proves to have been superfluous, it would be an inappropriate exercise of the court's discretion to award attorneys fees. *See Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 513 (2d Cir. 1976) ("In order to obtain an award of attorney fees in an FOIA action, a plaintiff must show at minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on the delivery of the information.").

However, it cannot be ascertained from the record as it stands whether the FOIA action was necessary. On this point, plaintiffs assert only that the documents had not been produced prior to the filing of this action, and were produced subsequently, and the government argues that the discovery requests outstanding in *Clark* at the time this action was filed have produced the same results claimed to have been achieved here. Without a hearing, or at the least, amplified briefs and affidavits, on this issue, it is impossible to decide this issue.

Accordingly, the motion is denied without prejudice to its renewal upon a showing that (1) the interim award is necessary to the further prosecution of this action, and (2) this suit has resulted in the production of documents which were not forthcoming in good faith as a result of the discovery proceedings in *Clark*.

It is so ordered.