**Mark A. ALLEN, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**Civ. A. No. 81–1206.**

United States District Court, District of Columbia.

Dec. 22, 1989.

8. *Kilcline Affidavit* at ¶ 7.

James H. Lesar, Dept. of Justice, Civ. Div., Washington, D.C., for plaintiff.

Thomas A. Bovard, Vincent M. Garvey and Stephen E. Hart, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on plaintiff Mark Allen's application for an interim award of attorney's fees and costs. Under the Freedom of Information Act ("FOIA"), a court may award reasonable attorney fees to a complainant who has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (1982). For the reasons stated below, the Court denies plaintiff's application without prejudice.

## FACTS

The plaintiff seeks access under FOIA to records of any communications between the United States House of Representatives' Select Committee on Assassinations and the Federal Bureau of Investigation relating to the Committee's investigation into the assassination of President John F. Kennedy. Plaintiff's first request was made on December 12, 1980, and his second request followed on April 6, 1981. The FBI refused to release any of the material that was "generated in response to requests from" the Committee, claiming that all of the records were congressional documents. Plaintiff also sought a waiver of search and copying fees for both requests. After appealing both denials, plaintiff was informed that the decision on both appeals would be delayed because of a substantial backlog of pending appeals and a shortage of attorneys.

Plaintiff filed this action on May 22, 1981. It was not until December 8, 1981 that defendants admitted that Congress did not maintain control over all of the requested records. On December 31, 1981, defendants denied plaintiff's fee waiver request.

Plaintiff moved for a waiver of all search fees and copying costs. This Court held that the FBI's denial of a fee waiver was "arbitrary and capricious" and ordered all fees to be waived. *Allen v. FBI,* 551 F.Supp. 694, 697 (D.D.C.1982).

Subsequently, the Clerk of the House of Representatives intervened and both the Clerk and the Executive Branch defendants filed motions for summary judgment. The Clerk argued that the more than 300,000 pages collected by the Committee and held by the FBI were congressional documents under the test established in *Goland v. CIA,* 607 F.2d 339 (D.C.Cir.1978), *modified on other grounds,* 607 F.2d 367 (D.C.Cir. 1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). In addition, the Clerk claimed that the speech or debate clause of article I, section 6, clause 1 of the Constitution barred their disclosure. On the other hand, the Executive Branch defendants argued that all of the records were protected from disclosure by exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5).

This Court rejected the Clerk's argument that the entire body of more than 300,000 pages of documents were congressional records not subject to the FOIA. *Allen v. FBI,* No. 81–1206, mem. op. at 5 (D.D.C. Nov. 24, 1982). As for the speech or debate clause argument, the Court found that "communications sent from the Committee to the FBI in pursuit of a lawful congressional investigation are an integral part of the 'deliberative and communicative process' of Congress." *Id.* at 6. As such, the speech or debate clause barred the disclosure of the limited number of records originating with the Committee. The Court also held the Executive Branch defendants' exemption 5 claim to be premature and denied their summary judgment motion without prejudice.

After these rulings, plaintiff obtained an administrative review of certain exemption

claims which resulted in the release of materials that had been withheld initially. Plaintiff also filed a motion for a *Vaughn* [1] index and then negotiated with defendants for a *Vaughn* sampling index which has been completed and submitted to the plaintiff. Defendants state that approximately 77,000 pages of material remain unprocessed and pursuant to a verbal agreement between plaintiff's counsel and defendants, defendants are continuing to process material at the rate of 5,000 pages a month.

All parties agree that this litigation will continue for several more years. Plaintiff now requests an interim award of attorney's fees and costs in the amount of $24,-693.52. He also seeks a 20 percent increase in the lodestar due to the contingency nature of the fee arrangement and a 10 percent enhancement as a result of novel legal issues, which brings the total request for fees to $32,018.17.

## DISCUSSION

### I. *The Availability of Interim Fees Under the FOIA*

The threshold issue is whether section 552(a)(4)(E) authorizes a court to order the payment of "interim" attorney fees. Section 552(a)(4)(E) provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The government argues that the waiver of sovereign immunity found in the FOIA attorney fees' provision does not extend to interim awards. Furthermore, even if it did, an order to pay interim fees could not be fulfilled without violating the "Judgment Fund" statutes of 31 U.S.C. § 1304 and 28 U.S.C. § 2414.

These arguments were addressed recently by the Ninth Circuit. In *Rosenfeld v. United States*, 859 F.2d 717 (9th Cir.1988), the Justice Department appealed an interim award of attorney fees under the FOIA,

raising these same arguments. Although the Ninth Circuit dismissed the appeal since it found that interim fee awards are not appealable orders, the court held that the principles of sovereign immunity and the Judgment Fund statutes did not prohibit interim fee awards in FOIA cases. *Id.* at 727.

Other than the Ninth Circuit, only three district courts have concluded, after reviewing the legislative history of the FOIA, that section 552(a)(4)(E) authorizes interim fee awards. *Rosenfeld v. United States Dep't of Justice*, Nos. 85–2247 & 85–1709 (N.D.Cal. Oct. 1, 1987); *Powell v. United States Dep't of Justice*, 569 F.Supp. 1192 (N.D.Cal.1983); *Biberman v. FBI*, 496 F.Supp. 263 (S.D.N.Y.1980).

The *Biberman* court appears to be the first to discuss the court's authority to grant such awards. After reviewing the legislative history of the FOIA, the court discovered that the reports did not offer much guidance as to whether Congress intended to grant such authority since they failed to mention interim awards, either favorably or unfavorably. *Biberman*, 496 F.Supp. at 264. The court concluded, however, that "Congress' statements of the policy intended to be advanced by the attorneys fee provision support the conclusion that an interim award may be made in appropriate circumstances." *Id.*

The court found Congress' statements of policy persuasive:

> Too often the barriers presented by court costs and attorneys' fees are insumountable [sic] for the average person requesting information, allowing the government to escape compliance with the law.

S.Rep. No. 854, 93d Cong., 2d Sess. 17 (1974). Since Congress established a national policy of disclosure in the FOIA, the committee found it "appropriate and desirable, in order to effectuate that policy, to provide for the assessment of attorneys' fees.... *Id.* at 18. The committee quoted an observation by Senator Thurmond:

---

1. *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39

L.Ed.2d 873 (1974).

"We must insure that the average citizen can take advantage of the law to the same extent as the giant corporations with large legal staffs. Often the average citizen has foregone the legal remedies supplied by the Act because he has had neither the financial nor legal resources to pursue litigation when his Administrative remedies have been exhausted."

*Id.* (quoting *Hearings before the Subcommittee on Intergovernmental Relations of the Committee on Government Operations and the Subcommittees on Separation of Powers and Administrative Practice and Procedure of the Committee on the Judiciary,* vol. I at 175 (April 10, 1973)) (statement of Senator Thurmond).

The *Biberman* court recognized that the protracted nature of some FOIA cases could force plaintiffs to drop meritorious claims absent an interim fee award.

If the court lacks authority to grant such an interim award, the [c]ongressional purpose in adopting § 552(a)(4)(E) would, *pro tanto,* be frustrated: the litigation would wither and die; the records sought would remain undisclosed. The availability of a final award in such circumstances would be fools gold only.

*Biberman,* 496 F.Supp. at 265. The court concluded that section 552(a)(4)(E) authorizes interim fees in cases in which it is "necessary to the continuance of litigation which has proven to be meritorious at the time of the application." *Id.* The court did not address the Judgment Fund statutes.

In *Powell,* the court recognized the *Biberman* opinion and expanded by comparing the FOIA fee provisions with other fee provisions that have been found to authorize interim fees. Among these was the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[2] In *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980), the Supreme Court found that section 1988 authorized interim fees "only when a party has

prevailed on the merits of at least some of his claims." The Court did find help in reviewing the legislative history since the House Committee Report quoted the standard suggested by *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), finding that " '[t]he entry of any order that determines substantial rights of the parties may be an appropriate occasion upon which to consider the propriety of an award of counsel fees....' " H.R.Rep. No. 1558, 94th Cong., 2d Sess. 8 (1976) (quoting *Bradley,* 416 U.S. at 723 n. 28, 94 S.Ct. at 2022 n. 28). The *Hanrahan* Court also found that "the Senate Committee Report explained that the award of counsel fees *pendente lite* would be 'especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on *all* issues.' S.Rep. No. 94–1011, *supra,* at 5 (emphasis added)." *Hanrahan,* 446 U.S. at 757, 100 S.Ct. at 1989.

The *Hanrahan* Court noted that the provision for counsel fees in section 1988 was patterned after the fee provisions contained in titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–3(b), 2000e–5(k) and section 402 of the Voting Rights Act Amendments of 1975, 42 U.S.C. § 1973*l* (e). The Court found that these provisions "have been construed by the Courts of Appeals to permit the award of counsel fees only to a party who has prevailed on the merits of a claim." *Hanrahan,* 446 U.S. at 758 n. 4, 100 S.Ct. at 1989 n. 4 (citations omitted).

The *Powell* court applied the analysis in the foregoing cases to its FOIA plaintiff. The court determined that FOIA suits generally proceed in two distinct phases:

In the first phase, plaintiff [establishes] his right to release of all non-exempt documents responsive to his request. The second phase of the lawsuit [involves] protracted litigation over the validity of the claimed exemptions. The issues raised in the first phase are totally

---

**2.** Section 1988 provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1988 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

separate and distinct from those at issue in the exemption phase.

*Powell,* 569 F.Supp. at 1196. By construing FOIA litigation in this manner, the courts are able to find that the relief granted in the first phase is on the merits and that the plaintiff prevails on an important matter in the course of litigation, if his or her claim is meritorious at that time. This is desirable particularly where there is protracted litigation and the plaintiffs are faced with financial hardship. Such relief, however, should be in exceptional circumstances.

The government argues that 5 U.S.C. § 552(a)(4)(E) makes no express provision for an award of interim fees. Since waivers of sovereign immunity are to be strictly construed, the government claims that the Court cannot create such a provision by implication. As for the analogies to other fees statutes, defendants assert that they are inapposite since the defendants in many of those cases were not the United States, thus no problem of sovereign immunity.

The Court is not persuaded by these arguments. To begin, both the House Committee Report and Senate Conference Report directed courts to look to other attorney's fees provisions for guidance in deciding whether to award fees in FOIA cases. On their face, these other fee statutes did not provide for interim fees. The courts, however, have found that interim fees are allowable in some circumstances.

Granted, courts "must construe waivers strictly in favor of the sovereign and not enlarge the waiver 'beyond what the language requires,'" but there is no enlargement here. *See Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983)) (other citations omitted). The language of the statute must be viewed in the light of the purpose behind its creation. This Court does not believe that Congress, after waiving sovereign immunity for the enactment of the attorney fees statute, would condone an interpretation of the statute that would bar the very relief that Congress intended.

■ Given the national policy of disclosure established in the FOIA and the purpose behind allowing attorney fees, this Court finds that interim fees are available in limited circumstances. If interim fees were not available, the whole purpose in adopting section 552(a)(4)(E) would be frustrated. The government could circumvent the requirements of the FOIA and avoid full disclosure by a war of attrition. The availability of a final award of attorney fees would be like the end of a rainbow, unattainable.

In view of the few cases which have awarded interim fees under the FOIA, the government urges this Court to follow the district courts that have refused to assess interim fees, generally due to piecemeal fashion litigation which might result in duplicative requests for further fees. *See, e.g., Irons v. FBI,* No. 82–1143–G, 1987 WL 17541 (D.Mass. June 26, 1987) (LEXIS, Genfed library, Dist file); *Hydron Labs., Inc. v. EPA,* 560 F.Supp. 718 (D.R.I.1983); *Diamond v. FBI,* 532 F.Supp. 216 (S.D.N.Y.1981), *aff'd on other grounds,* 707 F.2d 75 (2d Cir.1983), *cert. denied,* 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); *Letelier v. Department of Justice,* No. 79–1984 (D.D.C. Oct. 2, 1980) (LEXIS, Genfed library, Dist file). As the Court will discuss below, such arguments are not as persuasive when viewing FOIA cases in a two-phase fashion. The Court does not suggest that interim fees should be granted in every FOIA case. To the contrary, such practice should be dissuaded. Such relief should be granted only in the unusual instances of protracted litigation and financial hardship.

Since this Court concludes that interim fees are available under the FOIA, the next step is to determine the appropriateness of an award in this case.

II. *The Appropriateness of an Interim Award*

■ In *Powell,* the district court suggested that courts consider four factors

distilled from the policies found within the FOIA:

> First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel.... Second, the court should consider whether there is unreasonable delay on the government's part.... Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded.

*Powell,* 569 F.Supp. at 1200.

Before addressing these factors, however, the Court must consider what stage the litigation has reached. In *Powell* and *Rosenfeld,* the first phase of the FOIA litigation had concluded. The nonexempt documents had been released and the second phase, involving litigation over the claimed exemptions, had begun.

Although thousands of documents have been released, defendants are continuing to process material at the rate of 5,000 pages a month.[3] If this Court accepts the rationale of the *Powell* court that "the relief granted [in the first phase] is on the merits, is final and binding, and will be unaffected by further litigation," then an award of interim fees at this time would be premature. *See Powell,* 569 F.Supp. at 1196. The first phase of this litigation has not concluded and will not conclude until all nonexempt documents have been released. According to both parties, this could take a good deal of time.

Allowing fees before the first phase has concluded would result in speculative, piecemeal litigation. As the *Biberman* court recognized, the award of interim fees is not the most desirable method of relief. A final award "on one motion at the conclusion of the action would more efficiently decide the question than periodic interim decisions." *Biberman,* 496 F.Supp. at 265. Interim awards, if allowed, must be granted sparingly, and only in those instances where great hardship is alleged. An award of interim fees at this point of the litigation is premature, even though seven years have elapsed since the initial filing of this action.[4]

## CONCLUSION

This Court finds that interim fees are available under the FOIA. The plaintiff, however, is not able to show that he is entitled to fees at this point in the litigation since all nonexempt documents have not been released. Accordingly, plaintiff's application for an interim award of attorney's fees and costs is denied without prejudice.

---

**3.** Defendants' Opposition to Plaintiff's Application for Interim Award of Attorney's Fees and Costs at 5 n. 1.

**4.** The Court refrains from addressing the final judgment requirement of the Judgment Fund statutes, 31 U.S.C. § 1304 and 28 U.S.C. § 2414, since no award is being granted at this time.