**Mark ALLEN, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**Civ. A. No. 81–1206.**

United States District Court, District of Columbia.

Oct. 25, 1990.

James H. Lesar, Washington, D.C., for plaintiff.

Richard R. Brown, Civ. Div., Dept. of Justice, Washington, D.C., for defendants.

## OPINION

JUNE L. GREEN, District Judge.

On March 27, 1990, this Court issued an Order allowing the plaintiff Mark Allen to reapply for an interim award of attorney's fees. Pursuant to that Order, the plaintiff filed a Second Application for an Interim Award of Attorney's Fees and Costs and papers supporting the application. The defendants filed papers in which they do not oppose an interim award, but contest the amount of the proposed award and oppose any enhancement of the lodestar.

Upon careful consideration of the plaintiff's application, all papers filed in support of and opposition thereto, and for the reasons set forth below, the Court awards the plaintiff attorney's fees and costs in the sum of $43,781.02. The Court further awards the plaintiff a 100 percent enhancement of a portion of the lodestar, as explained below.

### I. Background

Nearly a decade ago the plaintiff, Mark Allen, came before this Court seeking access under the Freedom of Information Act ("FOIA") to certain documents relating to the United States House of Representa-

tives Select Committee on Assassinations' investigation into the assassination of President John Fitzgerald Kennedy. The history of this litigation is related elsewhere, and need not be reiterated here. *Allen v. FBI ("Allen I")*, 716 F.Supp. 667 (D.D.C. 1988). For present purposes, it is sufficient to note that the plaintiff succeeded in showing that he was entitled to the bulk of the records sought under FOIA. *Allen v. FBI*, Slip Op. No. 81–1206 (D.D.C. Nov. 24, 1982). Since that time, the government has processed well over 300,000 documents. The defendants' last status report, filed with this Court on August 15, 1990, indicates that the government has released 84,-542 pages of material to the plaintiff. Processing of all documents pertinent to the plaintiff's FOIA request is scheduled to be completed by December 31, 1990.

The plaintiff first requested an interim award of attorney's fees and costs in 1988. This Court denied that request, ruling that although FOIA authorizes interim awards of attorney's fees, the plaintiff was not entitled to fees because the first phase of the litigation, the release of all nonexempt documents, was not yet completed. *Allen I*, 716 F.Supp. at 672 (D.D.C.1988). On March 27, 1990, this Court vacated part of its earlier order and allowed the plaintiff to reapply for an interim award of fees and costs. The plaintiff's second application is now before the Court.

## II. Discussion

■■■ Both parties agree that an award of interim attorneys' fees and costs is appropriate at this stage of the litigation. The Court agrees with this assessment. The first phase of the litigation is drawing to a close. At last count, only some 600 pages of material out of the total exceeding 320,-000 pages remained to be processed. Defendant's Fifth Status Report (filed August 15, 1990). It would be absurd at this stage to require the parties to wait a month or two, until all the documents had been processed and then reapply for an interim fee award.

Moreover, but for the government's failure to maintain a processing rate agreed upon by the parties, the first phase of the litigation would now be over; therefore, the plaintiff would be entitled to an interim award under the Court's earlier ruling.

Thus, the controversy in this case is not over whether the plaintiff is entitled to an interim award, but how much that award should be and whether or not the award should be enhanced for the contingent nature of the plaintiff's fees. The Court shall address each of these issues in turn.

## A. Calculation of the Lodestar.

■■■ To determine the amount of an award of attorney's fees in a FOIA case, the Court looks to the "quantity and fair market value of the legal services rendered . . . including those in connection with the motion [for fees and costs]." *Consumer's Union v. Board of the Federal Reserve Systems*, 410 F.Supp. 63, 64 (D.D.C.1976). A base amount of attorney's fees, called the lodestar, is calculated by multiplying the hours the attorney reasonably expended on the case by the market rate. *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir.1980). The lodestar may be adjusted either upward or downward to reflect factors such as risk of compensation and quality of representation. *Id.* at 893. Costs are added to this figure and the sum is the amount of the award.

The plaintiff proposes a lodestar of $29,-475.00 for work completed during the years 1981–1990.[1]

---

1. The plaintiff calculates the lodestar in the following manner:

|  | 1981–1984 | 1985–1989 | 1990 |
|---|---|---|---|
| Total hours | 161 hrs | 35 hrs | 43.9 hrs |
| Hourly Rate | $115 | $125 | $150 |
|  | × | × | × |
|  | $18,515.00  + | $4,375.00      + | $6,585.00    =$29,475.00 |

For plaintiff's revised calculations of lodestar, *See* Plaintiff's Reply to Defendants' Response to Plaintiff's Supplemental Memorandum Regard-

The defendants contend that this amount is excessive and must be reduced. Specifically, the defendants argue that "the plaintiff's calculation of his lodestar includes work on matters that are not compensable under the FOIA attorney's fees provision; includes hours that duplicate work performed by plaintiff's counsel in other cases; and seeks compensation for work performed between 1981 and 1986 at an hourly rate in excess of the prevailing market rate in the District of Columbia for FOIA work during that period." Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Second Application for an Interim Award of Attorney's Fees and Costs, at 3–4. The Court will consider each of these issues separately.

### 1. Compensation for Hours Spent on Administrative Appeals.

First, the defendants argue that the plaintiff is not entitled to 29.5 hours that his attorney spent working on administrative appeals. FOIA, they contend, only provides for the recovery of attorney's fees for services rendered in litigation. Under the reasoning of *Newport Aeronautical Sales v. Department of Navy*, Slip Op. 84–0120 (D.D.C. April 16, 1985), the defendants argue, fees for services rendered at an administrative level are not considered fees incurred in litigation, and therefore, are not compensable under FOIA.

The plaintiff responds that *Newport* and the cases relied upon in *Newport* are distinguishable from the present case because in each instance the work at the administrative level was performed before the commencement of the lawsuit. Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Second Application for and Interim Award of Attorney's Fees and Costs ("P's Reply"), at 3. In addition, the plaintiff argues that the 29.5 hours in ques-

tion represent work completed on a particular administrative appeal which was the subject of a stipulation between the parties. As such, the plaintiff contends it is "part and parcel of the parties' *litigation* strategies" and the associated fees should be viewed as litigation costs under FOIA. P's Reply at 4.

■ It is this Court's view that the question of compensation for attorney's fees incurred in connection with the appeal of exemptions claimed by the Federal Bureau of Investigation is premature. The proper time to apply for such fees is at the end of the FOIA litigation.

As this Court explained previously, FOIA litigation progresses in two distinct phases. During the second phase, the parties may dispute specific exemptions claimed by the agency and upheld upon administrative appeal. In order to avoid piecemeal litigation over attorney's fees, applications for fees incurred in the exemption appeals process should be entertained upon the completion of the second phase only.

Therefore, the Court, in calculating the lodestar, excludes the 29.5 hours spent by plaintiff's attorney on administrative appeals of FOIA exemptions. The denial of these fees is without prejudice; the plaintiff may resubmit his claim for the excluded fees upon completion of both phases of the FOIA proceedings.[2]

### 2. Plaintiff may be Compensated for Work in Which He Prevailed and Which was not Redundant.

Next, the defendants argue that the plaintiff should not be compensated for work in which he did not prevail in court, nor for work which duplicates work completed by plaintiff's counsel in other cases. Specifically, the defendants claim that 15.4 hours of work performed in 1987–1988 on

___

ing Interim Award of Attorney's Fees and Costs, at 5.

**2.** The Court expresses no view on whether or not the plaintiff is entitled to fees for 29.5 hours of work on administrative appeals governed by the parties' stipulation. However, the Court notes that Judge Charles R. Richey, in *Newport*,

clearly indicates that FOIA "precludes an award of fees for services rendered at an administrative level." *Newport*, Slip. Op. 84–0120 at 5. Thus, the plaintiff will have to show that the administrative appeals for which fees are sought are not simply part of the administrative process that the plaintiff is required to pursue before resorting to federal court.

plaintiff's first application for interim fee award should be reduced because the plaintiff did not succeed on all the issues in that litigation. Further, defendants contend that the total 27.0 hours counsel spent preparing plaintiff's first and second applications for an interim award of fees is excessive because, in large part, it duplicates work plaintiff's counsel completed in *Allen v. Department of Defense ("Allen II")*, Civil Case No. 81–2543 (D.D.C.) and *Weisberg v. Department of Justice*, Civil Case No. 75–1996 (D.D.C.). Defendants point out that 14 out of 30 pages in the plaintiff's second application incorporate or duplicate prior work by his counsel. The defendants suggest the Court discount the total 27.0 hours by 20 percent or some appropriate amount.[3]

The plaintiff opposes these deductions. The plaintiff contends that the 15.4 hours of work spent on the first application for an interim award are compensable because he prevailed on the central issue of that litigation: whether or not an interim award of attorney's fees and cost is available under FOIA. Plaintiff also argues that he prevailed ultimately on all the issues as the Court now is allowing him to reapply for an interim award.

As to the total 27.0 hours spent on both fee applications, the plaintiff claims the work was not redundant and is, therefore, fully compensable. Plaintiff Allen maintains that his counsel did not include the time spent retyping the eight pages which duplicate prior work. As to the remaining six pages which incorporate portions of briefs from other cases, the plaintiff argues that counsel's time spent in revising and editing should be included in the award. However, plaintiff Allen concedes that one hour spent typing the edited pages was included in the lodestar calculation. The plaintiff proposes that the Court deduct only this hour if it determines any deduction is warranted.

Under FOIA "fees are not recoverable ... for time expended on issues on which the plaintiff did not ultimately prevail." *National Ass'n of Concerned Veterans v. Sec. of Defense*, 675 F.2d 1319, 1327 (D.D.C.1982). Clearly, plaintiff Allen prevailed in part when the Court determined, in response to his first application for interim fees, that interim fees are available under FOIA. *Allen I*, 716 F.Supp. at 671. However, the Court treated as a separate issue the question of whether an interim award to the plaintiff would be appropriate. Therefore, the question here is whether the plaintiff "substantially prevailed" on that issue.

■ The Court finds that he did. Although this Court refused to award interim fees to the plaintiff at the time of his first application, it did so on the ground that the application was premature. Additionally, the Court intimated that the proper time for an award of interim fees, barring unique situations where great hardship was alleged, was at the end of the first phase of the FOIA litigation. Thus, it was the plaintiff's first application that opened the door for his ultimate victory on the interim award issue. The Court finds that the plaintiff should be compensated fully for time spent preparing and litigating this issue. Therefore, 15.4 hours will be added to the lodestar calculation.

■ The Court also refuses to reduce by 20 percent or any other "appropriate" percentage, the 27.0 hours objected to by the defendants as duplicative or redundant. The Court finds that the time spent preparing both the first and second applications for an interim award, 11.1 hours and 15.9 hours respectively, is reasonable in light of the amount of original material contained in both applications. As the plaintiff points out his compensation should include time counsel spent editing and revising material incorporated from prior briefs. However, the Court will deduct the one hour of typ-

---

**3.** It is not clear from the defendants' papers whether they seek a reduction of the total 27.0 hours expended in preparing plaintiffs' first and second applications or only of the 15.9 hours spent on the second application. The Court shall assume that, in calling for "an appropriate reduction, such as 20%, in the number of hours in plaintiff's lodestar calculation", the defendants seek a reduction of the total 27.0 hours.

ing included in the plaintiff's original calculations. Such work is clerical in nature and not compensable under FOIA's attorney's fees provisions. The Court concludes, therefore, that 26.0 hours of work in preparation of plaintiff's first and second applications for fees should be included in the lodestar calculation.

### 3. Plaintiff's Hourly Rates are not Excessive.

■ The defendants' third objection to the plaintiff's calculation of the lodestar is to the hourly rates claimed by the plaintiff for the period of 1981–1986. The plaintiff seeks compensation at the following rates: $115 for work performed in 1981–1984; $125 per hour for work performed in 1985–1989; and $150 per hour for work performed in 1990. The defendants contend that the rates claimed by the plaintiff for work performed during 1981–1986 are excessive in light of this Court's unpublished opinion in *Dennis v. Federal Bureau of Investigations*, Civ. No. 83–1422, Slip Op. (D.D.C. May 1, 1987). In *Dennis*, this Court awarded Mr. Lesar, the same attorney who is counsel for the plaintiff in this case, an hourly rate of $100 under the attorney's fees provisions of FOIA. This Court also refused to increase co-counsel's hourly rate in *Dennis* to $125 because it found "the prevailing rate for FOIA-related work in the District of Columbia [is] $100 per hour." *Dennis*, slip op. at 3.

However, the plaintiff points out that in a companion case to the present action, an identical schedule of hourly rates was upheld as reasonable. *See Allen II*, Civ. No. 81–2543, slip op. at 2–3 (D.D.C. Oct. 10, 1989). The plaintiff also resubmits affidavits and evidence that were before Judge Thomas Flannery in *Allen II*, which support the plaintiff's contention that the proposed rates are comparable to the prevailing market rates in Washington, D.C. during 1981–1986. Finally, the plaintiff contends that the only evidence of the prevailing market rates before this Court in *Dennis* was counsel's own billing rate of $100.

After careful review of the evidence submitted by both parties, the Court concludes that the rates proposed by the plaintiff are reasonable. Although this Court did award a somewhat lower rate in *Dennis* for FOIA-related work performed during approximately the same time period, the Court here is persuaded by the plaintiff's showing that fees of $115 per hour in 1981–1984 and $125 in 1985–1989 reflect prevailing rates charged in the local market at those times. Moreover, this finding is consistent with Judge Flannery's determination in *Allen II*. Therefore, the Court will apply the rates proposed by the plaintiff in calculating the lodestar.

### B. Contingency Enhancement of a Portion of the Lodestar.

■ In *King v. Palmer*, 906 F.2d 762 (D.C.Cir.1990), the Court of Appeals reiterated that Justice O'Connor's two part test set forth in *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), governs the availability and amount of contingency enhancements in the circuit. *See also McKenzie v. Kennickell*, 875 F.2d 330, 332–35 (D.C.Cir.1989); *Weisburg v. U.S. Dept. of Justice*, 848 F.2d 1265, 1272 (D.C.Cir.1988); *Thompson v. Kennickell*, 836 F.2d 616, 621 (D.C.Cir.1988). Under Justice O'Connor's test, a plaintiff seeking a contingency enhancement must show: first, whether the relevant legal market compensates for contingency and second, whether the plaintiff would have encountered great difficulty, absent a contingency enhancement, in finding counsel. The Court of Appeals determined, in *King*, that the relevant legal market for purposes of the first part of this test included "all contingency claims in the District of Columbia, with special reference to those involving complex litigation." *King*, 906 F.2d at 766. As to the market so defined, the Court held that a 100 percent enhancement was the prevailing market level. *Id.* It further held that the same percentage enhancement should be applied to the contingent portion of a fee regardless of whether the case was fully or partially contingent. *Id.* However, fees for time spent securing an award of attorney's fees could not be enhanced. *Id.* at 769.

■ The plaintiff asserts he is entitled to a 100 percent enhancement of the lodestar (minus fees associated with the interim award applications) under *King*.[4]

The defendants contend that *King* is not controlling. They argue that the Court of Appeals in *King* did not address the issue of whether an enhancement of an interim award of attorney's fees is appropriate. Defendants further argue that the only court to address this issue refused to award an enhancement of interim fees. And they contend that an enhancement of the interim award would constitute a "windfall" to the plaintiff.

The Court is hard-pressed to see how an enhancement of the plaintiff's interim award is a windfall at this stage of the litigation. Plaintiff's counsel has pursued this case diligently for nearly a decade without compensation. Because interest awards are not available against the government, the plaintiff will never recoup the value lost due to the delay in receiving fees. The plaintiff should not have to suffer further loss of value by being forced to await the end of the FOIA litigation to receive a contingency enhancement for work already completed.

Furthermore, the defendants suggest that the proper time for a contingency enhancement of an interim award is at the end of the document production phase of the FOIA litigation. But this case has all but reached the end of this phase. And as the Court has previously indicated, the defendants are responsible for the delay in the completion of the document production phase; thus, their right to object to the timing of the enhancement is questionable. Therefore, the Court finds that a 100 percent contingency enhancement is a reasonable part of the plaintiff's compensation. In compliance with *King*, the Court excludes from the lodestar, any fees attributable to the plaintiff's first and second applications for attorney's fees, and award the 100 percent enhancement to the remaining portion.

## III. Conclusion

For the above stated reasons, the Court awards the plaintiff a lodestar of attorney's fees in the amount of $25,932.50.[5] The lodestar includes $8,360.00 in reimbursement for time spent on attorney's fees issues.[6] The Court subtracts this amount from the lodestar and enhances the remaining portion by 100 percent. These calculations result in a final award of attorney's fees in the amount of $43,505.[7] Plaintiff Allen's costs, $276.02, are added to this figure and the sum of $43,781.02 is awarded to the plaintiff. An appropriate order is attached.

## ORDER

Upon consideration of plaintiff's Second Application for an Interim Award of Attorney's Fees and Costs; defendant's brief in

---

**4.** The defendants offer no evidence to contradict plaintiff's claim that he meets the second prong of the two part test set out in *Delaware Valley*. The Court, therefore, finds in favor of the plaintiff on this issue.

**5.** The Court's calculation of the lodestar is derived from the figures which the plaintiff set forth in Plaintiff's Reply to Defendants' Response to Plaintiff's Supplemental Memorandum Regarding Interim Award of Attorney's Fees and Costs, at 5 & Attachment 2. From these figures, the Court subtracts the 29.5 hours spent on administrative appeals and the one hour of typing the plaintiff's second application. The Court's calculations are as follows:

| Years | 1981–1984 | 1985–1989 | 1990 |
|---|---|---|---|
| Hours | 131.5 | 35.0 | 42.9 |
| Rate | $115/hr | $125/hr | $150/hr |
| | × | × | × |
| | $15,122.50 + | $4,375.00 + | $6,435.00 = $25,932.50 |

**6.** This figure is calculated by adding the 15.4 hours spent on the attorney's fees issue in 1987–1988, multiplied by an hourly rate of $125 [15.4 × $125 = $1,925], to the 42.9 hours [43.9 hours minus the one hour of typing] spent on attorney's fees in 1990, multiplied by an hourly rate of $150 [42.9 × $150 = $6,435]. The sum of these figures is $8,360 [$1,925 + $6,435].

**7.** The lodestar is enhanced by $17,572.50 [$25,932.50 − $8,369.00 = $17,572.50]. The resulting figure is $43,505.00 [$25,932.50 + $17,572.50 = $43,505.00].

opposition; plaintiff's reply; supplemental papers supporting and opposing the application; the entire record; and for the reasons set forth in the accompanying opinion, it is by the Court this 25th day of October 1990,

ORDERED that the plaintiff Mark Allen is awarded interim attorney's fees in the amount of $25,932.50; it is further

ORDERED that the plaintiff is awarded a 100 percent contingency enhancement of a portion of the above award, in the amount of $17,572.50, and costs in the amount of $276.02; it is further

ORDERED that the defendants pay to the plaintiff the total amount of $43,781.02 within 60 days of this order.