Mark A. ALLEN, Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,
Defendants.

Civ. A. No. 81–1206.

United States District Court,
District of Columbia.

Dec. 11, 1990.

James H. Lesar, Washington, D.C., for plaintiff.

Richard R. Brown, Civ. Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JUNE L. GREEN, District Judge.

On October 25, 1990, this Court issued an Order and Memorandum opinion awarding plaintiff Mark Allen $26,208.52 in interim attorney's fees and costs for the underlying FOIA litigation. 749 F.Supp. 21. The Court also ordered the defendants to pay the plaintiff a 100–percent contingency enhancement of a portion of the attorney's fees. In awarding a 100–percent contingency enhancement of attorney's fees, this Court relied on the United States Court of Appeals, District of Columbia Circuit decision in *King v. Palmer*, 906 F.2d 762 (D.C. Cir.1990).

The defendants have filed a Motion for Reconsideration of Order and Partial Stay of Proceedings. In their motion, the defendants have brought to the Court's attention that the Court of Appeals has vacated its decision in *King v. Palmer* and granted a rehearing *en banc*. *King v. Palmer*, 89–7027 (*reh'g en banc* granted September 12, 1990).

In their motion, the defendants request that this Court vacate the portion of its October 25, 1990 Order granting a 100–percent contingency enhancement of attorney's fees. The defendants also move for a stay of proceedings on the issue of a contingency enhancement until after the Court of Appeals has issued an opinion in the rehearing *en banc* of *King v. Palmer*.

Plaintiff Allen opposes the defendants' motion. He argues that the defendants' supposition that the Court of Appeals *en banc* will overturn *King v. Palmer* is highly speculative. The plaintiff suggests that the contingency award be placed in an es-

crow account where it will accumulate interest, and be held until the decision in *King v. Palmer, en banc.*

In light of the Court of Appeals' decision to vacate *King v. Palmer,* this Court finds that a 100–percent enhancement of plaintiff Allen's fees is no longer appropriate. Therefore, the Court vacates the portion of its October 25, 1990 Order awarding the plaintiff a 100–percent enhancement.

■ Nonetheless, the case law in this circuit still supports a contingency enhancement award. In *McKenzie v. Kennickell,* 875 F.2d 330 (D.C.Cir.1989), the Court of Appeals upheld a 50–percent contingency enhancement in a Title VII action against the government. The Court adopted Justice O'Connor's two part test in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), as the standard to determine whether a contingency enhancement is appropriate. This Court has determined previously that under the *Delaware Valley II* test, plaintiff Allen is entitled to a contingency enhancement. Therefore, under *McKenzie v. Kennickell,* 875 F.2d 330 (D.C.Cir.1989), a 50–percent enhancement is appropriate at this time.

The defendants suggest that the Court of Appeals notice of rehearing in *King en banc* evinces an intention to revisit the *McKenzie* decision. It may be the Court of Appeals' intent to reexamine some of the issues decided in *McKenzie, id.* However, this Court cannot divine the outcome of such reexamination, and the Court, therefore, is guided by the law as it stands presently.

■ This Court also denies the defendants' request to stay any determination of the contingency enhancement issue until after the Court of Appeals' determination in *King en banc.* Delay in payment of the award injures the plaintiff because interest on the award is not recoverable from the government. A final determination of *King en banc* may take several months. The plaintiff will be robbed of the investment value of the contingency award for this time period if this Court stays the determination of the contingency enhancement issue.

Furthermore, the Court refuses the suggestion of placing the contingency enhancement award in an interest-earning escrow account. To do so would deny the plaintiff immediate access and use of the award; and the plaintiff's attorney has demonstrated an immediate need of payment. The Court believes that under the circumstances, a delay in payment would be inequitable.

Finally, in making this award, the Court notes that neither party is without future recourse. If the Court of Appeals' determination in *King en banc* changes the law of contingency enhancement awards as applied in this circuit, either party may motion this Court to reconsider this Order.

Therefore, upon consideration of the defendants' Motion For Reconsideration of Order and Partial Stay of Proceedings; the plaintiff's Opposition; the defendants' Reply; and the entire record, this Court vacates its earlier award of a 100–percent contingency enhancement of attorney's fees, and awards the plaintiff a 50–percent enhancement, or $8,762.75.